727 P.2d 813

**ARIZONA DEPARTMENT OF REVE-
NUE, and J. Elliot Hibbs, Director,
Plaintiffs-Appellants,**

v.

**NAVOPACHE ELECTRIC CO–OP,
INC., an Arizona corporation,
Defendant-Appellee.**

**No. 1 CA–CIV 7660.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 27, 1986.

Reconsideration Denied May 9, 1986.

Robert K. Corbin, Atty. Gen. by James D. Winter and Sandra L. Bondy, Asst. Atty. Gen., Phoenix, for plaintiffs-appellants.

Martinez & Curtis, P.C. by Michael A. Curtis and Jay M. Martinez, Phoenix, for defendant-appellee.

CONTRERAS, Judge.

This is an appeal from an order of the superior court dismissing appellant's appeal from a decision by the State Board of Tax Appeals. Since service of the notice of appeal was accomplished by registered mail and was not received by appellee within 10 days from the date the tax appeal was filed, the trial court concluded that it lacked jurisdiction and dismissed the appeal. The issue we must resolve is whether service of the notice of appeal by mail as authorized by A.R.S. § 42–151(D) is complete upon mailing.[1] However, in resolving this issue, it must first be determined whether the superior court proceeding is an appeal, thereby vesting the court with "appellate jurisdiction in a trial *de novo*," or whether it constitutes a completely new proceeding, thereby vesting the court with "original jurisdiction." We conclude that A.R.S. § 42–151(D) is a procedural notice statute and that this statute, in conjunction with A.R.S. § 42–152, vests the trial court with appellate jurisdiction in a trial *de novo*

---

1. A.R.S. § 42–151 is renumbered as § 42–177 by Laws 1985, Ch. 366, § 11, effective July 1, 1986.

context. As such, service by mail was complete upon mailing and the trial court had jurisdiction to proceed and hear this tax appeal. The order of dismissal is vacated.

The facts are not in dispute. Appellant, the Arizona Department of Revenue (Department), is required to make yearly appraisals of gas and electric utility properties for purposes of property taxation pursuant to A.R.S. § 42–124.01. The Department made its valuation of appellee's property for the tax year 1983. Appellee appealed the Department's 1983 valuation to the State Board of Tax Appeals (Board) which concluded, after hearing, that the full cash value determined by the Department was excessive "based on economic functional obsolescence and upon equity considerations." The value was reduced accordingly.[2] The Department then filed a special action with the Arizona Supreme Court contesting the Board's action, however, the court declined to accept jurisdiction.

On October 11, 1983, the Department filed a Notice of Appeal and a Summons with the superior court pursuant to A.R.S. §§ 42–151 and 42–123(B)(7). The clerk of the superior court affixed a "new complaints" stamp upon the notice of appeal and designated it as a "tax appeal" from the State Board of Tax Appeals. The Department sent a copy of both documents to appellee by registered mail on October 21, 1983. Appellee's statutory agent signed

for the documents on October 24, 1983. On October 25, 1983, the Department filed an affidavit of service by registered mail in which it stated that service was made upon appellee's statutory agent in Show Low, Arizona, ". . . pursuant to Rule 4(e)(2)(a) of the Arizona Rules of Civil Procedure."

Appellee filed a motion to dismiss the appeal challenging the method, sufficiency, and timeliness of service of process, and contending that because of such asserted deficiencies the superior court lacked jurisdiction. The Department responded by contending that "Rule 5(c) of the Rules of Civil Procedure for Superior Courts provides that service by mail is complete upon mailing." After hearing oral arguments, the trial court granted appellee's motion to dismiss and entered an order of dismissal. The Department filed a timely notice of appeal with this court asserting, *inter alia,* the impropriety of the dismissal below.

## PROPER CONSTRUCTION OF A.R.S. § 42–151(D)

The first substantive issue raised by the parties is how A.R.S. § 42–151(D) should be construed.[3] Appellee argues that because A.R.S. § 42–151(D) is a "taxing statute" it must be strictly construed against the state and in favor of the taxpayer. *Honeywell Information Systems, Inc. v. Maricopa County,* 118 Ariz. 171, 575 P.2d 801 (App.1978). The Department, on the other hand, argues that while A.R.S. § 42–

**2.** Pursuant to A.R.S. § 42–141(A), the Legislature established the State Board of Tax Appeals as an independent administrative agency "not in any way subject to the supervision of or control of the department of revenue * * * [with] full power to equalize the valuation of all property throughout the state and to hear and decide all appeals from decisions of the department of revenue."

**3.** The parties raise three preliminary arguments which are not necessary to consider in this disposition. First, appellee asks this court to dismiss the appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, for the Department's failure to comply with the rules and standards of appellate practice in drafting its briefs. *Adams v. Valley National Bank of Arizona,* 139 Ariz. 340, 678 P.2d 525 (App.1984). Second, the Department asserts that the appellee is

precluded from asserting the insufficiency of process and the inapplicability of Rule 4(e)(2)(a), Arizona Rules of Civil Procedure, in this court since it failed to make these arguments below. Finally, appellee argues that the Department is precluded from arguing that A.R.S. § 42–151(D) is "directory" rather than "mandatory" thereby allowing the Department to disregard the 10 day period, and from presenting five "new" cases on appeal not previously presented below in support of its argument that service is effective upon mailing.

We conclude that the first argument is specious, the second is correct but irrelevant to the ultimate issues, and that the third is incorrect since the transcript of the motion hearing confirms that the issues were presented to and considered by the trial judge.

151(D) is a taxing statute, it is a "procedural" taxing statute with only a "neutral" effect and should therefore not be construed against either party.

■ We believe that the real question is one of application of the statute rather than one of construction. A.R.S. § 42–151(D) neither imposes nor does it regulate a tax. It merely provides the procedural mechanism by which an appeal of a decision by the State Board of Tax Appeals may be taken to the superior court. The burden of compliance with the statute simply falls upon the party taking the appeal and it makes no difference whether that party is the taxpayer or the Department. Unlike the statutes in the cases cited in appellee's brief, A.R.S. § 42–151(D) does not impose nor does it regulate a tax which would warrant a strict construction of that statute against the state. The fact or form of imposition of a tax is not in issue here. Thus, because the requirements of A.R.S. § 42–151(D) in any given appeal apply equally to both parties to the appeal, a strict construction against either party is inappropriate.

## NATURE OF PROCEEDING UNDER A.R.S. § 42–151(D)

The legislature has provided a specific method by which an appeal is to be taken from a decision of the Board. A.R.S. § 42–151 "provide[s] a procedure for taking and hearing of appeals on valuation or classification of property." Minutes of Meeting, Committee on Ways and Means, H.B. 32 (March 2, 1971). The purpose of the statute is "to simplify the methods of [taking such] appeals...." *Id.* A.R.S. § 42–151(D) provides:

> A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals within ten days of the filing, in the manner provided for service of process in the rules of civil procedure or by certified or registered mail. An affidavit showing such service shall be filed with the clerk of the court. In an appeal taken pursu-

ant to § 42–123, subsection B, paragraph 7, service shall be on the person in whose name the property is listed at the address shown on the then existing tax role.

The Department argues that service by registered mail is complete upon mailing, however, it cites no direct authority for this argument, beyond certain "analogous authority" in Rule 5(c), Arizona Rules of Civil Procedure, and Rule 4(b), Superior Court Rules of Civil Appellate Procedure. Both rules provide that service by mail is complete upon mailing. Appellee argues that because A.R.S. § 42–151(D) involves the invocation of the original jurisdiction of the superior court, Rule 5(c) cannot apply since appellee made no "appearance" in the *de novo* appeal before that court. Additionally, it argues that holding that service of process is effective upon mailing would lead to dangerous and absurd results, especially where a summons accompanies the notice of appeal. The fears expressed by appellee are more imagined than real.

From the outset we note that the primary reason this case is before us on appeal is due to the lack of clarity and completeness in the statute itself. The statute requires that "notice ... shall be served on the defendant ... within ten days of the filing, in the manner provided for service of process in the rules of civil procedure or by certified or registered mail." The appellee interprets this language as both mandatory and jurisdictional, thereby requiring service upon the person *within* the 10 day period. Considering the legislative objective of providing a method whereby such decisions can be reviewed by the superior court, with the legislature's announced intention "to simplify the methods of [taking such] appeals," we cannot conclude that the legislature contemplated such a result as that advanced by appellee. In construing A.R.S. § 42–152(A), which requires the superior court to hear an appeal from the State Board of Tax Appeals within 90 days after it is docketed,[4] our supreme court stated:

4. The 90 day requirement has since been    changed to 180 days.

The basic rule of statutory construction is for the court to ascertain the legislative intent. *Mardian Constr. Co. v. Superior Court,* 113 Ariz. 489, 557 P.2d 526 (1976). In arriving at the Legislature's intent, the effect and consequences of alternative constructions may be considered. See *State v. Stockton,* 85 Ariz. 153, 333 P.2d 735 (1958). A mandatory construction will require that litigation involving substantial rights of both the State and appellees must be dismissed without a determination on the merits. A contrary construction, however, permits the judicial resolution of the questions at issue. When the statute is examined in this light, we are not convinced the Legislature intended that the proceedings should be dismissed if not tried within ninety days, for had the Legislature intended such a consequence, it could have plainly spelled it out in appropriate language. Language, mandatory in form, may be deemed directory when the legislative purpose can best be carried out by such construction. *Valley Bank v. Malcolm,* 23 Ariz. 395, 204 P. 207 (1922). We hold that A.R.S. § 42–152 A, while couched in obligatory language, does not require a dismissal of the action for its violation. The trial court erroneously entered its order of dismissal.

*Department of Revenue v. Southern Union Gas Co.,* 119 Ariz. 512, 582 P.2d 158 (1978).

Applying the foregoing rationale, we conclude that dismissal below was not proper since A.R.S. § 42–151(D) is a "notice statute" and the proceeding before the superior court is in the nature of an "appeal" rather than a new "original proceeding." When the notice of appeal is filed in the superior court, a "tax appeal" (TA) number is assigned. In addition, the *same* parties that were before the administrative proceedings in the State Board of Tax Appeals below are brought before the superior court, and the scope of review is limited to the issues of the correct valuation of property and its full cash value. *Department of Revenue v. Southern Union Gas Co., supra,* at 515, 582 P.2d 158.

Appellee maintains that because the proceeding before the superior court is "*de novo,*" the court is necessarily vested with original jurisdiction thereby requiring personal service. This position is not supported nor is it negated by the existing case law and presents a question of first impression. While there is no direct authority construing the exact nature of superior court review of tax proceedings from the State Board of Tax Appeals pursuant to A.R.S. § 42–151, we believe that decisions involving the nature of review in actions appealed from other administrative agencies is persuasive.

In *Madsen v. Fendler,* 128 Ariz. 462, 626 P.2d 1094 (1981), the appellant, Fendler, in seeking review to the superior court from the Bank Hearing Board, attempted to enlarge the parties that appeared before the administrative agency by way of a cross-claim in the superior court. In refusing to permit the appellant to add to the parties before the Bank Hearing Board, our supreme court concluded:

> Judicial review of administrative actions is a limited review and relates only to the issues, questions, ... or parties, ... open to review under the Administrative Review Act. The Superior Court is limited to the questions properly raised before the administrative hearing and limited to the parties who are part of the hearing or who have been served and notified and could have been a part of that hearing. * * * There [is] no jurisdiction to hear new causes of action between new parties....

*Id.* at 466, 626 P.2d 1094.

In *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961), our supreme court discussed the constraints on *de novo* review to the superior court from the justice court. The respondent in *Rojas* argued, as appellee does here, that *de novo* review meant that the appeal should be tried as though it were one of original jurisdiction without regard to the jurisdictional amounts otherwise limiting appeals from justice court.

The court disagreed. "[T]he fact that the case is tried *de novo* in the superior court does not enable that court to treat the action as though it had been commenced therein." *Id.* at 279, 361 P.2d 403, *citing Ex parte Coone,* 67 Ariz. 299, 195 P.2d 149 (1948).

In *Berry v. Arizona State Land Department,* 133 Ariz. 325, 651 P.2d 853 (1982), the court considered the scope of review in an appeal *de novo* from a decision of the State Land Commission to the superior court. Again, our supreme court emphasized the limited scope of review:

> The appellate jurisdiction of the superior court is not as broad as its original jurisdiction. The superior court, in an appeal *de novo,* has only that subject matter jurisdiction which could be asserted in the administrative hearing from which the appeal was taken.

*Id.* at 326, 651 P.2d 853.

Finally, in actions originating in the Corporation Commission, our supreme court held:

> Numerous Arizona cases construing A.R.S. § 40–254 unequivocally hold that the hearing before the superior court is *de novo* and we have construed this to mean the superior court must exercise an "independent judgment." (Citations omitted.) This only means that the trial court is empowered to reach an independent conclusion. It does not mean that the superior court may enter a judgment independent and free of the confining language of the statute.

*Arizona Corporation Commission v. Fred Harvey Transportation Co.,* 95 Ariz. 185, 190–91, 388 P.2d 236, 239 (1964). *See State Land Department v. Painted Desert Park, Inc.,* 102 Ariz. 272, 428 P.2d 424 (1967); *Sulger v. Arizona Corporation Commission,* 5 Ariz.App. 69, 423 P.2d 145 (1967); *Tucson Electric Power Co. v. Arizona Corporation Commission,* 132 Ariz. 240, 645 P.2d 231 (1982).

Recently, this court had occasion to characterize both the nature of the action and the scope of review:

A.R.S. §§ 42–151 and 42–152 both specifically refer to the court proceedings as an "appeal." The obvious purpose of an appeal is to "review" the decision being appealed. *See, e.g.,* A.R.S. § 12–2102(A). The characterization of the review as constituting a trial *de novo* does have relevance to the scope of review, but it does not change the essential character of the proceeding as an appeal.

*Inspiration Consolidated Copper Co. v. The Arizona Department of Revenue,* 147 Ariz. 216, 709 P.2d 573 (App.1985). We fully agree with this characterization and reemphasize that while the proceeding before the superior court pursuant to A.R.S. §§ 42–151 and 42–152 is an appeal, the review proceeds in a *de novo* manner. *See Arizona State Tax Commission v. Phelps Dodge Corp.,* 116 Ariz. 175, 568 P.2d 1073 (1977); *Department of Property Valuation v. Salt River Project,* 27 Ariz.App. 110, 551 P.2d 559 (1976), *rev'd on other grounds,* 113 Ariz. 472, 556 P.2d 1134 (1976), *appeal dismissed,* 431 U.S. 901, 97 S.Ct. 1690, 52 L.Ed.2d 384 (1977); *Navajo County v. Four Corners Pipe Line Co.,* 107 Ariz. 296, 486 P.2d 778 (1971). The provisions of A.R.S. § 42–152 do not change the nature of the action (an appeal), but merely the scope of review (*de novo*). Additionally, while the Department filed and had issued a summons with its notice of appeal, "[n]othing in [A.R.S. § 42–151(D)] suggests the necessity of a responsive pleading prior to hearing." *State of Arizona ex rel. Arizona Department of Revenue v. Golder,* 123 Ariz. 504, 506, 600 P.2d 1136, 1138 (App.1979); *Department of Revenue v. Southern Union Gas Co., supra.* The mere issuance of a summons does not dictate that the action shall proceed as a new complaint. Rather, the filing of a summons appears to be a precautionary practice developed because of the absence of clear procedural directives in the statute itself. The statute does not require that a summons be filed or issued.

■ In light of the above discussion, we conclude that the proceeding before the superior court is an appeal rather than an original action. In essence, it is a continua-

tion of prior litigation, with *de novo* scope of review by the superior court. Since an "appearance" by the "defendant" had been made before an administrative tribunal and A.R.S. § 42–151(D) specifically permits alternative methods of service, including "registered mail," the provisions of Rule 5(c) apply.[5]

Appellee cites *Pesqueira v. Pima County Assessor*, 133 Ariz. 255, 650 P.2d 1237 (App.1982), as support for its position that the service requirement of § 42–151(D) is jurisdictional. In *Pesqueira*, the taxpayers appealed a tax board evaluation to the superior court, but failed to include the department of revenue as a named defendant in the caption of their notice of appeal and served only the State Board of Tax Appeals. The superior court allowed the taxpayers to amend their "complaint" pursuant to Rule 15(c), Arizona Rules of Civil Procedure, after the statutory November 1 filing deadline. In *Pesqueira*, the Department argued that the superior court no longer had jurisdiction over the action since the requirements of A.R.S. § 42–151(C) and (D) had not been met. Division Two of this court agreed with the Department that the procedures in the statute must be followed in order to confer subject matter jurisdiction on the court. The court found jurisdiction, however, by virtue of the amendment of the pleadings which it believed was properly allowed under Rule 15(c) since the Department had notice that it would have been named but for a mistake.

We do agree that the failure to file a notice of appeal prior to November 1 of the tax year, without more, results in a lack of jurisdiction in the superior court to consider a tax appeal. This is clearly statutory. A.R.S. § 42–146. However, because this proceeding is an appeal, we cannot agree that the *Pesqueira* court considered the service requirement of A.R.S. § 42–151(D) to be jurisdictional as well. Since the proceeding before the superior court is an appeal, we conclude that A.R.S. § 42–151(D) is more properly considered a notice statute. As such, mailing the notice of appeal on October 21, 1983, the tenth day, was complete upon mailing and constituted appropriate service within the legislatively intended meaning of A.R.S. § 42–151(D).[6] To conclude otherwise would be a contradiction of the legislative objective of providing a simplified method of taking such appeals.

Appellee has filed a motion for attorney's fees in this action pursuant to A.R.S. § 12–348(A) and Rule 21(c)(1), Arizona Rules of Civil Appellate Procedure. We deny this motion based upon the determination we have made.

Accordingly, the decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

MEYERSON, J., and YALE McFATE, J. (Retired) *, concur.

---

**5.** At the time of oral argument in response to a question by the court regarding the consequences of concluding that the proceeding constitutes an appeal, appellee's counsel candidly stated:

> If this court determines that this matter is an appeal ... and that there has been some form of an appearance, then 5(c) applies. * * * On a hypothetical basis, I agree. If this is an appeal that is just a continuation of prior litigation, ... then 5(c) will apply in our opinion.

**6.** We note that in the case before us the Department mailed the notice of appeal to appellant by registered mail on the tenth day after the notice of appeal was filed and that appellee's statutory agent acknowledged receipt of the notice three days after it was mailed. We will not speculate on what the result would be if appellee had not received notice.

* The Honorable Yale McFate was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.