774 P.2d 1381

**FORTY NORTH CENTER PARTNERS**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

No. TX 88-00532.

Tax Court of Arizona.

March 30, 1989.

Killian, Legg, Nicholas, Fischer, Wirken Cook & Pew by Douglas K. Cook, Mesa, Attorney for plaintiffs-appellants.

Attorney Gen. by Jack B. Schiffman, Phoenix, for defendant-appellee, Arizona Dept. of Revenue.

Maricopa County Atty., Civ. Div. by Sandor O. Shuch, Phoenix, for defendant-appellee, Maricopa County.

OPINION

MORONEY, Judge.

The plaintiff has filed a complaint seeking to appeal a real property valuation

made by the Maricopa County Assessor. The Assessor's valuation was made pursuant to A.R.S. § 42–221(D). No administrative appeals were taken by the plaintiff. The statutory authority under which the plaintiff now seeks to appeal the Assessor's determination is found in A.R.S. § 42–246. A.R.S. § 42–246 provides that "any person dissatisfied with the valuation or classification of his property as determined by the County Assessor may ... appeal to the Superior Court in the manner provided in A.R.S. § 42–177."

The plaintiff is represented by the same attorneys as represent the plaintiff in *Allred v. Maricopa County*, TX 88–00531, 160 Ariz. 587, 774 P.2d 1377 (Tax 1989). The Court's opinion in TX 88–00531 will be filed on the same date as will be this opinion.

The facts in the case now under consideration are substantially similar to those in *Allred*. The plaintiff served its notice of appeal on the Maricopa County Attorney and not on the Board of Supervisors. Maricopa County has moved to dismiss the plaintiff's complaint. The basis for the motion is the same as was urged in *Allred*. The moving defendant asserts that the Tax Court has no jurisdiction because the plaintiff failed to serve the Board of Supervisors as directed by Rule 4 of the Rules of Civil Procedure. In its decision in *Allred*, the Court interpreted that portion of A.R.S. § 42–177 which pertains to service of the notice of appeal. The Court held that, in a property tax appeal prescribed in A.R.S. § 42–177, service of the notice of appeal on the County Attorney was sufficient service on the County to vest jurisdiction in the Tax Court.

IT IS ORDERED denying the motion to dismiss.

Most of the issues presented to the Court herein are the same as those presented to the Court in *Allred*. The Court's decision in *Allred* is dispositive of the case now under consideration.

The sole factual distinction between these two cases is that, in *Allred*, the appeal was from a determination made by the State Board of Tax Appeals. In the case before the bench, there has been no prior contest between the parties on the administrative level. The sole issue not covered by *Allred* is whether, in a direct appeal to the Superior Court from the Assessor's initial classification and determination of value, service of the notice of appeal upon the appellee's attorney is ineffective.[1]

The Court holds that, in any property tax appeal pursuant to A.R.S. § 42–177, service may be made as set out in *Allred*.

■ The process by which a property is valued for purposes of ad valorem taxation is a matter properly determined by the Legislature. So is the method by which such a determination is to be challenged in Court. *County of Pima v. State of Arizona Dept. of Revenue*, 114 Ariz. 275, 560 P.2d 793 (1977). The test of sufficiency of a notice of appeal is whether sufficient notice of the appeal is conveyed without misleading or prejudicing the other party. *City of Phoenix v. Bellamy*, 153 Ariz. 363, 736 P.2d 1175 (App.1987). So long as the procedure directed by the Legislature provides adequate notice, the procedure established by the Legislature will be upheld. No issue has been raised here that service upon the County's attorney deprived the County of adequate notice, and the Court perceives none.

■ A.R.S. § 11–532(A)(9) identifies the County Attorney as the attorney for the Board of Supervisors. For the reasons stated in *Allred*, the Court holds service upon the County Attorney in a property tax appeal is appropriate service on the County, even though the Superior Court action which constitutes the appeal is the first juridical proceeding between the parties.

---

1. This issue can only relate to attorneys for the Taxing Authority. There is no statutory provision for an appeal to the Superior Court to be taken by the County or by the Department of Revenue from an Assessor's initial determination.