160 Ariz. 587 (1989)
774 P.2d 1377
J.H. ALLRED, et al.
v.
MARICOPA COUNTY; Arizona Department of Revenue.
No. TX 88-00531.
Tax Court of Arizona.
March 30, 1989.
Killian, Legg, Nicholas, Fischer, Wirken, Cook & Pew by Douglas K. Cook, Mesa, for plaintiffs-appellants.
*588 Attorney General by Jack B. Schiffman, Phoenix, for defendant-appellee, Arizona Dept. of Revenue.
Maricopa County Atty./Civ. Div. by Sandor O. Shuch, Phoenix, for defendant/appellee, Maricopa County.
OPINION
MORONEY, Judge.
The plaintiff has filed a complaint seeking to appeal a property tax assessment upheld by the State Board of Tax Appeals. Appeals of this nature are provided for in A.R.S. § 42-177.
The defendant, Maricopa County, has filed a motion to dismiss the plaintiffs' complaint. In its motion, the moving defendant asserts that the plaintiff served the notice of appeal on the County Attorney rather than the Board of Supervisors. Therefore, says the defendant, the Tax Court lacks jurisdiction.
IT IS ORDERED denying the motion to dismiss.
Where, as here, the appellant is the taxpayer, A.R.S. § 42-177(C) provides that the Department of Revenue, and either the state or county, be named as defendants.
A.R.S. § 42-177(D) provides that "a copy of the notice of appeal shall be served on the defendant or defendants ... within ten days of filing, in the manner required for service of process in the rules of civil procedure or by certified or registered mail."
Rule 4 is the Rule in the Rules of Civil Procedure which provides for service of process. Section (D) subsection (8) is the specific location in Rule 4 which pertains to counties and municipalities. To effect service of process on a county, Rule 4(D) provides that a person licensed to serve process personally deliver a copy of the summons and complaint to the Chief Executive Officer, Secretary, Clerk, or Recording Officer of the county. The County Attorney is none of these. When A.R.S. § 42-177(D) was enacted into law, there was no provision in the Rules of Civil Procedure for service by mail on either the state or the county.
Affidavits filed with the County's motion establish that service was not timely made on anyone designated in Rule 4 to receive process on behalf of the County. The parties agree that the County Attorney received a copy of the notice of appeal by certified mail within ten days of filing. It is the plaintiffs' position that service of the notice of appeal on the County's attorney is good service on the County.
The issue before the Court is whether service on the County Attorney, and not on the Board of Supervisors, gives the Court jurisdiction to proceed against the County. The issue is not whether service must be made on the County Attorney, but whether service on the County may be made by serving the notice of appeal on the County's attorney. In order to decide this issue, the Court must decide what the Legislature intended by the above quoted language from A.R.S. § 42-177(D).
The right to appeal a property tax assessment exists only by force of statute. County of Pima v. State Department of Revenue, 114 Ariz. 275, 560 P.2d 793 (1977). In providing for such an appeal, the Legislature may also provide for the manner in which notice of the appeal is to be served. If the Legislature does direct the manner in which notice is to be served, the procedure by which service of process is obtained in civil cases in the trial court is not relevant, except to the extent that such procedure is incorporated by the Legislature in its prescription of service.
In A.R.S. § 42-177(D), the Legislature does direct the manner in which notice of the appeal is to be served, and such direction does incorporate "the rules of civil procedure". The issue which the Court must decide is whether, by such incorporation, the Legislature intended that a property tax appeal could not be perfected if service was made on the county by service on the attorney for the county.
A review of the entire statutory scheme concerning property tax appeals reveals a procedure by which the taxpayer and the government are guided to the Superior Court through a series of administrative appeals. Throughout the process, short *589 time limits are imposed by which the next step must be accomplished. Once the Superior Court is reached, the appeal is to be heard within 180 days. A.R.S. § 42-178(A). It is clear the Legislature intended a procedure for resolving property classification and valuation disputes that would be as swift and as easy as could reasonably be. Indeed, the announced legislative purpose of A.R.S. § 42-177 as originally passed, was to simplify the methods of taking such appeals. Arizona Dept. of Revenue v. Navopache Electric Co-op, Inc., 151 Ariz. 318, 727 P.2d 813 (App. 1986).[1] Therefore, the intent of the Legislature will best be reflected by an interpretation of the service requirements of A.R.S. § 42-177 which provides for the simplest and fastest method of getting effective notice to an adversary.
A tax appeal in the Superior Court is an original proceeding, in that issues of fact as well as law are to be decided by the appellate court. A.R.S. § 12-168. It is not a completely new trial, however. The appellant, especially if it is a taxpayer, has an added burden that would not exist if the controversy between the parties had actually begun in Superior Court. A.R.S. § 42-178(B) provides that, on appeal to Superior Court, the determination from which the appeal is taken is presumed to be correct and lawful. A.R.S. § 42-178(C) requires that the Court determine that the valuation from which the appeal is taken is excessive before it can redetermine full cash value in the taxpayers favor. See Inspiration Consolidated Copper Company v. Arizona Dept. of Revenue, 147 Ariz. 216, 709 P.2d 573 (App. 1985).
Both of these added parameters derive from the determination from which the appeal is taken. Therefore, although all issues of fact as well as law are determined by the appellate court, a property tax appeal is still an appeal. Jurisdiction is appellate jurisdiction in a trial de novo. Arizona Department of Revenue v. Navopache Electric Co-op, Inc., supra.
Notices of appeal in civil cases in Arizona at the trial court level and higher are ordinarily served upon an appellee's attorney, if he has one. Rules of Civil Appellate Procedure, 4(b)(d). Superior Court Rules of Appellate Procedure  Civil, 4(b). Rules of Civil Procedure, 5(c).
The statute identifies the county and the Department of Revenue as the taxing authorities necessary to the appeal. Rule 4 of the Rules of Civil Procedure provides that service may be made on the State by service upon the Attorney General. Therefore, if the statute were to be interpreted as Maricopa County would have it interpreted, service is to be made on the County's co-defendant by service on its attorney. The Court is of the opinion that the Legislature did not intend two standards for service of the notice of appeal as between the State and the County.
The fundamental rule of statutory construction is to ascertain and to give effect to the intention of the legislature as expressed in the statute. Arizona Dept. of Revenue v. Maricopa County, 120 Ariz. 533, 587 P.2d 252 (1978). To arrive at the intention of the legislature, the court looks to the words, context, subject matter, effects and consequences, reason and spirit of the law. Arnold Const. Co. v. Arizona Bd. of Regents, 109 Ariz. 495, 512 P.2d 1229 (1973). Statutory construction requires that provisions of a statute be read and construed in the context of related provisions and in light of its place in the statutory scheme. Grant v. Board of Regents, 133 Ariz. 527, 652 P.2d 1374 (1982).
The above language, including citations, is taken from City of Phoenix v. Superior Court, Maricopa County, 144 Ariz. 172, 175, 696 P.2d 724 (App. 1985).
In determining the intent of the Legislature, the Court will take into consideration the meaning naturally attaching to the words used and will adopt that meaning of words which best harmonizes with the context. *590 Phoenix Title and Trust Company v. Burns, 96 Ariz. 332, 395 P.2d 532 (1964).
The statutory language which directs the manner of service is as follows: "a copy of the notice of appeal shall be served on the defendant or defendants ... in the manner provided for service of process in the rules of civil procedure or by certified or registered mail."
Applying the foregoing principles of statutory construction, the Court interprets the term "manner required for service of process" in the Rules of Civil Procedure to mean personal service by a licensed process server, and nothing more. The Legislature did not intend by its reference to "the rules of civil procedure" to designate those persons upon whom the notice must be served. Construed otherwise, the statute would be ambiguous in that it would specifically identify to whom service is to be made by personal service, but say nothing of to whom service may be made by mail.
In view of the foregoing, the Court is of the opinion that the Legislature, in including the language at issue in A.R.S. § 42-177, did not intend to require different standards for service on the taxing authorities who must be parties to the appeal, nor did it intend, in property tax appeals, a variance in the customary way the appellate process is begun.
The Court holds that the quoted language in A.R.S. § 42-177(D) requires service of the notice of appeal by one of three methods: personal service by a person licensed to serve process, certified mail, or registered mail. The statute does not identify or limit those upon whom service must be made for such service to be effective.
The Court further holds that service upon a party's attorney is appropriate service for jurisdiction to attach pursuant to A.R.S. § 42-177 if all of the other requirements reflected in the statute are achieved.
In so deciding the issue presented, the Court is mindful of the fact that the governmental parties upon whom service of notice is required may not have been represented by an attorney before the State Board of Tax Appeals. The argument could therefore be made that, at the time the notice of appeal was filed, Maricopa County was not represented by the County Attorney in the proceeding from which this appeal springs.
Such an argument has validity only if there is a risk that the County will be deprived of due process if the Board of Supervisors is not served. No such argument has been made. As the taxpayers herein point out, A.R.S. § 11-532(A)(9) identifies the County Attorney as the attorney for the Board of Supervisors. The Court, therefore, refines its decision to hold that service of the notice of appeal prescribed in A.R.S. § 42-177 may be made upon an attorney for a party if that attorney represented the party in the proceeding from which the appeal was taken and has not withdrawn, or if that attorney's representation of the party is mandated by statute.
Together with the opinion set forth herein, the Court has filed an opinion in a companion case, Forty North Center Partners v. Maricopa County, TX 88-00532, 160 Ariz. 591, 774 P.2d 1381 (Tax 1989). Forty North Center Partners involves the same issues as are presented herein.
In a motion for rehearing in Forty North Center Partners, Maricopa County has cited Blauvelt v. County of Maricopa, 160 Ariz. 77, 770 P.2d 381 (App. 1988). In Blauvelt, the plaintiff sought to sue Maricopa County for damages for wrongful arrest. A.R.S. § 12-821 requires, as a prerequisite to suit, according to the Court of Appeals, that a person who has a claim against a public entity file his claim "in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D)."
Blauvelt sent his claim in the form of a letter to the County Attorney. After he was told by the County Attorney that he had not filed his claim correctly, he then filed it with the County Recorder. The Court of Appeals affirmed a dismissal of Blauvelt's complaint by the trial court. In so doing, the appellate court held that the trial court had no jurisdiction because Blauvelt had not served his before suit claim as *591 the County claims the plaintiff's notice of appeal should have been served in the tax appeal now before the bench.
In its request for a rehearing in Forty North Center Partners, Maricopa County has urged that Blauvelt controls and that the Court should reconsider its denial of the County's motion to dismiss. If Blauvelt controls in Forty North Center Partners, then it also controls in the case now under consideration.
The Court holds that Blauvelt does not apply in the present case. A.R.S. § 12-821(A) does not provide for service of a notice of appeal. It provides for the filing of a demand upon the County for compensation. There is no tradition in place about how such claims are to be made, other than as is set forth in the statute. Nor is there any footprint in any public record as to how the public entity has dealt with the subject matter of the claimant's claim before the demand was filed.
In addition, A.R.S. § 42-177(D) refers generally to the rules of civil procedure. A.R.S. § 12-821(A) incorporates not only a specific rule, but a specific section of a rule. In enacting A.R.S. § 12-821(A), the legislature left no doubt that it intended that claims against public entities be served on such public entities just the way a complaint would be served.
Finally, and perhaps most importantly, as the Court of Appeals points out in its opinion in Blauvelt, the legislative purpose is best served by requiring pretrial notice of previously unencountered claims against counties just as is set out in Blauvelt. As this Court has pointed out herein, the legislative purpose in providing for property tax appeals is better served by not having such rigid requirements for service.
NOTES
[1] In the opinion cited, the statute is referred to as A.R.S. § 42-151(D). In 1985, A.R.S. § 42-151 was renumbered as A.R.S. § 42-177.