778 P.2d 269

**ROGER ROAD PARTNERS**

v.

**PIMA COUNTY; Arizona Department of Revenue.**

**No. TX 89–00016.**

Tax Court of Arizona.

Aug. 7, 1989.

Nearhood & Associates, P.C. by James R. Nearhood, Phoenix, for plaintiffs-appellants.

Atty. Gen. by Jack B. Schiffman, Phoenix, for defendant-appellees Arizona Dept. of Revenue.

Pima County Atty. by Peter E. Pearman, Tucson, for defendant-appellee Pima County.

OPINION

MORONEY, Judge.

The plaintiffs have filed suit pursuant to A.R.S. § 42–204(C) seeking to recover what the plaintiffs allege is an illegal tax. In essence, the plaintiffs' claim that the valuation set on their property by the State Board of Tax Appeals was determined by the Board without jurisdiction to do so.

The plaintiffs appealed the Assessor's determination of the value of the plaintiffs' property to the Pima County Assessor pursuant to A.R.S. § 42–221. In such appeal, the plaintiffs identified their attorney as their representative. The plaintiffs did not prevail before the Pima County Assessor and appealed to the County Board of Equalization, pursuant to A.R.S. § 42–241.01. Before the County Board of Equalization, the plaintiffs were represented by the same attorney who represented them before the Pima County Assessor and who continues to represent them before this Court. The County Board of Equalization reduced the valuation of the plaintiffs' property from that determined by the Pima County Assessor.

The Pima County Assessor, pursuant to A.R.S. § 42–245(C), appealed the determination of the Board of Equalization to the State Board of Tax Appeals.

The Assessor notified the plaintiffs of its appeal to the State Board of Tax Appeals by mailing a certified copy of its petition to the plaintiffs' attorney.

A.R.S. § 42–245(C), in pertinent part, reads as follows:

> In the event of an appeal by the Assessor or the Department, a copy of the petition shall be transmitted by certified mail on or before the date of the filing of the petition to the listed owner of the property which is the subject of the appeal at the address shown on the then existing tax roll. The property owner shall be a party to any proceedings in the appeal.

The plaintiffs claim that the requirement in the Statute that the petition be transmitted by certified mail to the listed owner of the property at the address shown on the then existing tax roll is a necessary element for the State Board of Tax Appeals to obtain jurisdiction over the Assessor's appeal.

At the hearing before the State Board, the Plaintiffs urged that the State Board lacked jurisdiction and moved to dismiss the Assessor's petition. The State Board denied the plaintiffs' motion, after which the plaintiffs, represented by their attorney, defended the merits of their position at the hearing. The State Board increased the valuation determined by the County Board of Equalization. Plaintiffs paid the first installment to their taxes and filed this action.

The defendant, Pima County, has filed a motion for summary judgment arguing that service upon the plaintiffs' attorney was sufficient to give jurisdiction to the State Board. The plaintiffs have responded in opposition to the defendant's motion and have filed a cross-motion for summary judgment.

The sole issue before the Court is whether or not the State Board of Tax Appeals obtained jurisdiction to hear the Assessor's appeal by the Assessor sending a copy of his petition to the plaintiffs' attorney rather than by certified mail to the listed owner at the address shown on the tax roll.

IT IS ORDERED granting the defendants' motion for summary judgment.

IT IS FURTHER ORDERED denying the plaintiffs' cross-motion for summary judgment.

Once again this Court is called upon to determine whether service of the notice of appeal upon a party's attorney in a property tax appeal rather than upon the party itself deprives the appellate forum of jurisdiction to hear the appeal. See *Allred v. Maricopa County*, 160 Ariz. 587, 774 P.2d 1377 (Tax 1989). In *Allred*, this Court held that service on the County Attorney, without timely service on the Board of Supervisors, was sufficient service, pursuant to A.R.S. § 42–177, to give the Superior Court jurisdiction of a property tax appeal from the State Board of Tax Appeals.

In a companion case to *Allred, Forty North Center Partners v. Maricopa County*, 160 Ariz. 591, 774 P.2d 1381 (Tax 1989), this Court made the same ruling in a direct appeal pursuant to A.R.S. § 42–246 from an assessor's determination of property value. In reaching this conclusion, the Court relied upon the proposition that the Legislature intended a procedure for resolving property classification and valuation disputes that would be as swift as could reasonably be. The Court also recognized that, although it is a *de novo* proceeding in Superior Court, a tax appeal is still an appeal. In the situation before the bench, it is clear that the proceeding before the Arizona State Board of Tax Appeals was an appeal.

For the reasons set forth in *Allred*, this Court holds that, where a party is represented by an attorney, service of the petition identified in A.R.S. § 42–245(A)(2) may be served upon such attorney.

The defendants' statement of facts in support of its motion for summary judgment sets forth the following:

> The practice of sending the petitions for review of valuation to plaintiffs' attorneys in those cases where the plaintiffs were already involved in the appeals process and represented by an attorney arose in part as a result of requests to the Assessor's Office by attorneys to

adopt such a procedure. In many situations, sending notice to the address listed on the tax roll will not provide timely notice to the owner in that the address listed on the tax roll is that of a lien holder such as a mortgage company. Furthermore, there are situations where the property has been sold and the new owner is the person appealing the taxes. In such a situation, the new owner may never receive notice of the appeal.

The plaintiffs did not refute the averments of the defendants as set forth above.

Applicable statutes in Title 42 place in effect a scheme by which controversies between taxpayers and the taxing authority over property taxes move through a series of administrative appeals. In enacting such legislation, it was the intent of the Legislature to make the process as easy on the participants as it could be and still be effective. *Arizona Department of Revenue v. Navopache Electric Co-op., Inc.,* 151 Ariz. 318, 727 P.2d 813 (App.1986). Therefore, it seems incongruous that the Legislature would intend such a rigid adherence to the requirement of notice by certified mail to the last owner of the property at the address shown on the then existing tax rolls, as is argued by the Plaintiffs. In Arizona, notices of appeal are served upon the appellee's attorney if he has one. *Rules of Civil Appellate Procedure* 4(b), (d) and *Superior Court Rules of Appellate Procedure–Civil* 4(b). To deny jurisdiction in an administrative property tax appeal where a notice went to the appealing taxpayer's attorney instead of to the listed property owner does not appear to be in step with the Legislative intent of a simplified process.

When the Legislature expressed the notice requirement in A.R.S. § 42–245(C) as it did, the Legislative intent was to establish definitive service in circumstances where the property owner would not respond.

In addition to the foregoing, this Court has, for what it considers to be good reasons, determined that jurisdiction in property tax appeals to Superior Court would not be lost if notice was given to the appellee's attorney rather than the appellee itself. *Allred v. Maricopa County, supra.* A different standard for an appeal of the same nature to an administrative tribunal would not be appropriate.