781 P.2d 41

**MARICOPA COUNTY, a political subdivision of the State of Arizona, Petitioner,**

v.

**ARIZONA TAX COURT, the Honorable William T. Moroney, a judge thereof, Respondent Judge,**

**FORTY NORTH CENTER PARTNERS, and J.H. Allred, J.L. Allred, and F.D. Allred, Real Parties in Interest.**

No. 1 CA-SA 89-079-TX.

Court of Appeals of Arizona, Division 1, Department T.

Sept. 21, 1989.

Richard Romley, Maricopa County Atty. by Sandor Shuch, Deputy County Atty., Phoenix, for Maricopa County.

Robert K. Corbin, Atty. Gen. by Jack B. Schiffman, Asst. Atty. Gen., Phoenix, for Ariz. Dept. of Revenue.

Killian, Legg, Nicholas, Fischer, Wirken, Cook and Pew by Douglas K. Cook and Gail M. Ledward, Mesa, for real parties in interest.

## OPINION

JACOBSON, Presiding Judge.

This special action raises the question of the proper interpretation of A.R.S. § 42–177(D) dealing with service of a copy of the notice of appeal taken pursuant to A.R.S. § 42–177. Counsel for the real parties in interest attempted service of the notices of appeal on petitioner, Maricopa County, by serving the Maricopa County Attorney's Office by certified mail. Maricopa County moved to dismiss both appeals, arguing that service on the Maricopa County Attorney did not comply with A.R.S. § 42–177(D). In opinions published pursuant to A.R.S. § 12–171, the tax court held that the real parties in interest had properly served Maricopa County. *Allred v. Maricopa County*, 160 Ariz. 587, 774 P.2d 1377 (Tax Ct.1989); *Forty North Center Partners v. Maricopa County*, 160 Ariz. 591, 774 P.2d 1381 (Tax Ct.1989).

Because we determined that the tax court incorrectly interpreted A.R.S.

§ 42–177(D), and that the court's opinions in *Allred* and *Forty North Center Partners* would likely introduce error into a significant number of property tax appeals before the issue can be resolved on appeal, we accepted jurisdiction in this special action. Under the circumstances of these cases, however, we denied the requested relief. This opinion sets forth our reasoning.

## BACKGROUND

Real parties in interest J.H. Allred, J.L. Allred, and F.D. Allred (Allred) commenced Arizona Tax Court No. TX 88–00531 pursuant to A.R.S. § 42–176 as an appeal from a State Board of Tax Appeals decision concerning the valuation of certain real property in Maricopa County. Real party in interest Forty North Center Partners (Forty North) commenced Arizona Tax Court No. TX 88–00532 pursuant to A.R.S. § 42–246 as a direct appeal from a real property valuation by the Maricopa County Assessor. Both actions were timely filed in the tax court on November 1, 1988. *See* A.R.S. § 42–176(B); A.R.S. § 42–246; A.R.S. § 12–161 *et seq.*

As provided by A.R.S. §§ 42–176(A) and 42–246, the procedure for filing these actions was governed by A.R.S. § 42–177. That statute provides in pertinent part:

A. An appeal to the superior court relative to valuation or classification of property is commenced by filing a notice of appeal with the superior court in the county where the property which is the subject of the appeal is located....

B. The notice of appeal shall contain a statement of the reasons why the valuation or classification is excessive or erroneous.

C. The clerk of the superior court shall docket the appeal in the name of the appellant as plaintiff and of the state or county, whichever is appropriate, and the department as defendants....

D. A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals within ten days of filing, in the *manner provided for service of process in the rules of civil procedure or by certified or registered mail.* An affidavit showing such service shall be filed with the clerk of the court....

....

(Emphasis added.) In each action a copy of the notice of appeal was sent by certified mail to the Maricopa County Attorney's Office and was received on November 9, 1988. In neither case was a copy of the notice of appeal served on the Maricopa County Board of Supervisors prior to November 11, 1988.

On November 29, 1988, Maricopa County moved to dismiss both actions for lack of subject matter jurisdiction, lack of jurisdiction over the person, and insufficiency of service of process. *See* Rules 12(b)(1), (2) and (5), Arizona Rules of Civil Procedure. On December 12, 1988, Allred and Forty North sent copies of their notices of appeal to the clerk of the Maricopa County Board of Supervisors by certified mail. On or about December 15, 1988, Allred and Forty North filed responses to Maricopa County's motions to dismiss.

The tax court denied the motions to dismiss. Maricopa County moved unsuccessfully for reconsideration in No. TX 88–00532. On March 30, 1989, the tax court filed its written opinions in *Allred* and *Forty North Center Partners*. Maricopa County then sought special action relief in this court.

## THE TAX COURT OPINIONS

In *Allred*, the tax court recognized that "service of process" on the state or a county pursuant to A.R.S. § 42–177(D) is governed by Rule 4(d)(7) and (8), Arizona Rules of Civil Procedure, which provide in pertinent part:

Service shall be made as follows:

....

7. Upon the state, by delivering a copy of the summons and of the complaint to the attorney general.

8. Upon a county or a municipal corporation or other governmental subdivision of the state subject to suit, by delivering a copy of the summons and of the

complaint to the chief executive officer, the secretary, clerk, or recording officer thereof.

The tax court properly defined the issue before it as whether, under the language of A.R.S. § 42–177(D), service on a county may be made by serving the notice of appeal "on the County's attorney." 160 Ariz. at 588, 774 P.2d at 1378. The tax court noted:

It is clear that the Legislature intended a procedure for resolving property classification and valuation disputes that would be as swift and as easy as could reasonably be. Indeed, the announced legislative purpose of A.R.S. § 42–177 as originally passed, was to simplify the methods of taking such appeals. *Arizona Dept. of Revenue v. Navopache Electric Co–op, Inc.*, 151 Ariz. 318, 727 P.2d 813 (App.1986). Therefore, the intent of the Legislature will best be reflected by an interpretation of the service requirements of A.R.S. § 42–177 which provides for the simplest and fastest method of getting effective notice to an adversary.

*Id.* at 589, 774 P.2d at 1379 (footnote omitted). We agree that this is the legislative intent.

The tax court went on to note that, under *Navopache Electric Co–op*, a property tax appeal is still an "appeal," even though all issues of fact as well as law are determined by the superior court sitting as an appellate court. *Id.* The court further noted that in civil cases in Arizona, notices of appeal are ordinarily served on an appellee's attorney. The court then reasoned:

The statute identifies the county and the Department of Revenue as the taxing authorities necessary to the appeal. Rule 4 of the Rules of Civil Procedure provides that service may be made on the State by service upon the Attorney General. Therefore, if the statute were to be interpreted as Maricopa County would have it interpreted, service is to be made on the County's co-defendant by service on its attorney. The Court is of the opinion that the Legislature did not intend two standards for service of the

notice of appeal as between the State and the County.

*Id.*

Turning to the specific language of A.R.S. § 42–177(D), the tax court stated:

[T]he Court interprets the term "manner required [sic] for service of process" in the Rules of Civil Procedure to mean personal service by a licensed process server, and nothing more. The Legislature did not intend by its reference to "the rules of civil procedure" to designate those persons upon whom the notice must be served. Construed otherwise, the statute would be ambiguous in that it would specifically identify to whom service is to be made by personal service, but say nothing of to whom service may be made by mail.

. . . .

The Court holds that the quoted language in A.R.S. § 42–177(D) requires service of the notice of appeal by one of three methods: personal service by a person licensed to serve process, certified mail, or registered mail. The statute does not identify or limit those upon whom service must be made for such service to be effective.

The Court further holds that service upon a party's attorney is appropriate service for jurisdiction to attach pursuant to A.R.S. § 42–177 if all of the other requirements reflected in the statute are achieved.

. . . .

As the taxpayers herein point out, A.R.S. § 11–532(A)(9) identifies the County Attorney as the attorney for the Board of Supervisors. The Court, therefore, refines its decision to hold that service of the notice of appeal prescribed in A.R.S. § 42–177 may be made upon an attorney for a party if that attorney represented the party in the proceeding from which the appeal was taken and has not withdrawn, or if that attorney's representation of the party is mandated by statute.

*Id.* at 590, 774 P.2d at 1380.

The tax court took note of our decision in *Blauvelt v. County of Maricopa*, 160 Ariz. 77, 770 P.2d 381 (App.1988), in which we

interpreted Rule 4(d)(8) to require that a prelitigation notice of claim against a county made pursuant to A.R.S. § 12–821(A) be served on the board of supervisors or the board's clerk. We further held that service on the county attorney did not satisfy the requirements of the rule. *Id.* at 80, 770 P.2d at 384. The tax court distinguished *Blauvelt* on three grounds: (1) A.R.S. § 12–821(A) provides for the filing of a demand upon the county for compensation and not for the service of a notice of appeal; (2) A.R.S. § 12–821(A) specifically incorporates Rule 4(d), while A.R.S. § 42–177(D) refers only generally to the Rules of Civil Procedure; and (3) the legislative purpose in providing for property tax appeals differed from that requiring pretrial notice of previously unencountered claims against counties, and was "better served by not having such rigid requirements for service." 160 Ariz. at 591, 774 P.2d at 1381.

In *Forty North Center Partners,* the tax court held that the reasoning in *Allred* was dispositive. The court added:

> The sole issue not covered by *Allred* is whether, in a direct appeal to the Superior Court from the Assessor's initial classification and determination of value, service of the notice of appeal upon the appellee's attorney is ineffective.
>
> . . . .
>
> A.R.S. § 11–532(A)(9) identifies the County Attorney as the attorney for the Board of Supervisors. For the reasons stated in *Allred,* the Court holds service upon the County Attorney in a property tax appeal is appropriate service on the County, even though the Superior Court action which constitutes the appeal is the first juridical proceeding between the parties.

160 Ariz. at 592, 774 P.2d at 1382.

## ANALYSIS

Statutory interpretation, at best, is a difficult task. However, generally we will consider the meaning naturally attaching to the statutory language and will adopt that meaning which best harmonizes with the context. *Phoenix Title & Trust Co. v. Burns,* 96 Ariz. 332, 335, 395 P.2d 532, 533 (1964). Each word, phrase, clause and sentence must be given meaning so that no part will be void, inert, redundant or trivial. *Adams v. Bolin,* 74 Ariz. 269, 276, 247 P.2d 617, 621 (1952).

With this in mind, we restate the pertinent language from A.R.S. § 42–177(D):

> A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals within ten days of filing, in the manner provided for service of process in the rules of civil procedure or by certified or registered mail.

We differ with the tax court's conclusion that this language was not intended to specify any particular individual or official to be served. It is certainly true that the grammatical structure of subsection D sets forth the phrases "in the manner provided for service of process in the rules of civil procedure" and "by certified or registered mail" as apparently co-equal alternatives. Unlike the tax court, however, we do not infer a legislative intent that both phrases have an equally limited meaning.

The phrase "or by certified or registered mail" admittedly refers only to a particular method of effecting service. However, if the legislature had intended to deal only with the method of service then this phrase becomes surplusage for "the manner provided for service of process in the rules of civil procedure" encompasses the method of service "by certified or registered mail." *See* Rule 4(e), Arizona Rules of Civil Procedure.

Moreover, the tax court's construction of A.R.S. § 42–177(D) implies the unsatisfactory conclusion that the legislature failed to indicate what persons or officers were to be served with notice, even though either the state or a county was always to be a party defendant on appeal. A.R.S. § 42–177(C). This construction would generate uncertainty about who could permissibly be served in future cases, and would impede the legislature's overall purpose to simplify the methods of taking property tax appeals. Statutes should be interpret-

ed, wherever possible, to resolve questions that naturally arise from their subject matter rather than to leave them unanswered. We conclude that the key phrase "in the manner provided for service of process in the rules of civil procedure" specifies not only how a notice of appeal is to be served, but also the identity or office of the person to be served.

 We also disagree with the tax court that the legislature would not have intended to adopt different standards for service of notices of appeal on counties from those involving the state. The different standards in subsections 7 and 8 of Rule 4(d) have existed in the Arizona Rules of Civil Procedure, to which A.R.S. § 42–177(D) explicitly refers, for a substantial period of time. The most logical interpretation of the language in question is that it incorporates by reference all provisions of those rules as may apply to the facts at hand.

Before these cases were filed in the tax court, the Maricopa County Attorney had not appeared as counsel for Maricopa County. Service on the county attorney's office pursuant to Rule 5(c), Arizona Rules of Civil Procedure, was accordingly not available.[1] Allred and Forty North's only alternative was to serve their notices of appeal pursuant to Rule 4(d)(8) on a member of the Maricopa County Board of Supervisors or its clerk. *Blauvelt.* They could have done so either by personal delivery, Rule 4(d)(8), or "by certified or registered mail." A.R.S. § 42–177(D). *See Arizona Dept. of Revenue v. Navopache Electric Co–op, Inc.,* 151 Ariz. 318, 727 P.2d 813 (App.1986) (service of Department of Revenue's notice of appeal by registered mail to corporate taxpayer's statutory agent under Rule 4(d)(6) was effective).

Because Allred and Forty North only served copies of their notices of appeal within ten days on the Maricopa County Attorney, Allred and Forty North failed to comply with the service requirements of A.R.S. § 42–177(D). We now consider the legal consequences of that failure.

 As we have noted, proceedings in the superior court pursuant to A.R.S. § 42–177 constitute "appeals." *Navopache Electric Co-op,* 151 Ariz. at 322, 727 P.2d at 817; *Inspiration Consol. Copper Co. v. Arizona Dept. of Revenue,* 147 Ariz. 216, 709 P.2d 573 (App.1985).[2] Thus, in *Navopache Electric Co-op,* we held that the Department of Revenue's service of a notice of appeal on the taxpayers' statutory agent by registered mail was complete and timely upon mailing pursuant to Rule 5(c), Arizona Rules of Civil Procedure. We also held that the service requirement of A.R.S. § 42–177(D) was not jurisdictional. We stated:

> To conclude otherwise would be a contradiction of the legislative objective of providing a simplified method of taking such appeals.

151 Ariz. at 323, 727 P.2d at 818.

Maricopa County now argues, however, that *Navopache Electric Co-op* and the cases it followed have been superseded by A.R.S. § 12–168, effective September 30, 1988. We disagree. Section 12–168 provides:

> A. Proceedings before the [tax] court are original, independent proceedings and shall be tried de novo.
>
> B. If an action is an appeal from an order or determination of an administrative agency, the action shall be an original proceeding in the nature of a suit to set aside the order or determination.

A.R.S. §§ 42–176 and 42–246 expressly characterize judicial reviews of property

---

1. Rule 5(c) provides in pertinent part:

 1. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court.... Service by mail is complete upon mailing.

2. At the time of the decisions in *Navopache Electric Co-op* and *Inspiration Consol. Copper Co.,* A.R.S. § 42–177 was numbered as § 42–151.

tax valuations by the state board of tax appeals or the county assessor as "appeals." Repeal by implication is not favored, and will not be indulged in if there is any other reasonable construction. *National Union Fire Ins. Co. v. Truck Ins. Exchange,* 107 Ariz. 291, 294, 486 P.2d 773, 776 (1971). A.R.S. § 12–168 can be reasonably construed as merely describing and confirming the outward form that proceedings in the tax court follow in general, and not as prescribing a radical departure from the settled interpretation of § 42–177 reviews, as being in their fundamental nature, "appeals." Accordingly, Allred and Forty North's failure to timely serve their notices of appeal on Maricopa County pursuant to A.R.S. § 42–177(D) did not deprive the tax court of jurisdiction to consider their appeals.

 In our opinion, the ten day service requirement of A.R.S. § 42–177(D) can be analogized to the requirement that a plaintiff in a civil action serve the defendant with process within one year from the filing of the complaint. Accordingly, by analogy to Rule 6(f), Arizona Rules of Civil Procedure, a notice of appeal untimely served under A.R.S. § 42–177 would abate the appeal. Similarly, by analogy to Rule 6(b), the court could grant an extension of time in which the plaintiff could accomplish proper service upon a showing of good cause. Where the plaintiff's failure to accomplish proper service was the result of excusable neglect, the court could grant such an extension even after expiration of the ten-day period. *See Cook v. Superior Court,* 135 Ariz. 1, 658 P.2d 801 (1983); *Air Power, Inc. v. Superior Court,* 142 Ariz. 492, 690 P.2d 793 (App.1984); *Garcia v. Frey,* 7 Ariz.App. 601, 442 P.2d 159 (1968).

After Maricopa County moved to dismiss these appeals, Allred and Forty North immediately served copies of their notices of appeal on the clerk of the Maricopa County Board of Supervisors. They then filed responses to the motions to dismiss in which they urged that any technical violation of A.R.S. § 42–177(D) had been corrected by serving the board directly.

Given the uncertain state of the law when these actions were commenced, the error of counsel for Allred and Forty North constituted excusable neglect, and good cause existed for extending the time within which appropriate service pursuant to A.R.S. § 42–177(D) could be accomplished. Accordingly, we decline to grant relief from the tax court's orders denying Maricopa County's motions to dismiss.

The opinions of the Arizona Tax Court are vacated.

GERBER and FIDEL, JJ., concur.