600 P.2d 1136

**STATE of Arizona ex rel. ARIZONA DEPARTMENT OF REVENUE, Plaintiff/Appellant,**

v.

**Lloyd W. GOLDER, III and Vickie Golder, Lloyd Golder Trust, Country Escrow Services as Trustee under Trust Nos. 9016–T, Rail N. Ranch Corp., Donald B. Golder, John C. Golder, Wendy M. Golder, Julie E. Golder, and Michael Golder, Defendants/Appellees.**

**No. 2 CA–CIV 3233.**

Court of Appeals of Arizona, Division 2.

Sept. 11, 1979.

Robert K. Corbin, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Tucson, for plaintiff/appellant.

Stubbs & Townsdin, P. C. by Charles L. Townsdin, Jr., Tucson, for defendants/appellees.

OPINION

RICHMOND, Chief Judge.

The State Department of Revenue seeks to reverse an order vacating a default judgment in a property valuation appeal, commenced under A.R.S. § 42–151.[1] We reject its contention that an answer or other appearance is required in such an action prior to hearing, and affirm the trial court's order.

On October 31, 1977, the department filed a notice of appeal from a decision of the State Board of Property Tax appeals reducing the valuation of the taxpayers' property by restoring its classification as grazing land after the Pima County Assessor had valued it under a higher classification. Additional defendants were added by an amended notice of appeal filed January 26, 1978. Service was obtained either personally or by registered mail on all defendants. More than 20 days thereafter when no ap-

---

1. Authority for such an appeal is contained in A.R.S. § 42–123(B)(6).

pearance had been made on behalf of the taxpayers, their defaults were entered. On May 24, 1978, a default judgment was entered. Upon learning of the judgment, the taxpayers moved to have it set aside and their motion was granted. On a motion for reconsideration, the court stated that its primary reason for granting the motion to set aside was the fact that "there is no requirement that an Answer to the Notice of Appeal be filed by the taxpayer."

A.R.S. § 42–151 provides in pertinent part:

A. An appeal to the superior court relative to valuation or classification of property is commenced by filing a notice of appeal with the superior court of the county where the property which is the subject of the appeal is located, unless the appeal is for a private car company or an airline company or the property was valued by the department and is located in more than one county, in which case the appeal is commenced by filing a notice of appeal with the superior court of Maricopa county.

B. The notice of appeal shall contain a statement of the reasons why the valuation or classification is excessive or erroneous.

C. The clerk of the superior court shall docket the appeal in the name of the appellant as plaintiff and of the state or county, whichever is appropriate, and the department as defendants except in an appeal pursuant to § 42–123, subsection B, paragraph 7, in which case the clerk of the superior court shall docket the appeal with the department as plaintiff and the person in whose name the property is listed as defendant.

D. A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals within ten days of filing, in the manner provided for service of process in the rules of civil procedure or by certified or registered mail. An affidavit showing such service shall be filed with the clerk of the court.

In an appeal taken pursuant to § 42–123, subsection B, paragraph 7, service shall be on the person in whose name the property is listed at the address shown on the then existing tax roll.

The state contends the designation of the parties as plaintiff and defendant is evidence that the action is governed by 16 A.R.S. Rules of Civil Procedure, including rule 55(a) providing for entry of default. As authority, it cites *Arizona State Tax Commission v. Catalina Savings & Loan Association*, 16 Ariz.App. 398, 493 P.2d 944 (1972), in which this court affirmed a default judgment in favor of the taxpayer. That case, however, was an action commenced under A.R.S. § 43–186, which expressly provided for service of a summons and complaint upon the tax commission or its chairman.[2] The only issues were the sufficiency of process, excusable neglect, and sufficiency of the evidence to support the judgment. The question whether an appearance is required prior to hearing under § 42–151 is therefore one of first impression.

The statute provides for filing a notice of appeal rather than a complaint. The next following section states in applicable part:

§ 42–152. Hearing of appeal; judgment; enforcement; correction of assessment roll

A. The superior court shall hear the appeal within one hundred eighty days after the appeal is docketed, with or without a jury, unless both parties file a written agreement with the court for a postponement.

B. At the hearing both parties may present evidence of any matters that relate to the classification or to the full cash value of the property in question as of the date of its assessment. The valuation or classification as approved by the appropriate state or county authority shall be presumed to be correct and lawful.

C. If the court finds that the valuation is excessive or insufficient, the court shall

---

**2.** A.R.S. § 43–186 was repealed as of January 1, 1979. Service on the department of revenue or its director is now provided for by A.R.S. § 43–612(C).

find the full cash value of the property.

. . .

D. If the court finds the assessment is deficient, the judgment shall be for the state or county, whichever is appropriate, and against the taxpayer for the costs of the appeal and the taxes due on the property in excess of the amount originally levied and assessed. The judgment shall be a lien upon the real and personal property of appellant with like effect as though the assessment had originally been in the amount of the judgment.

Nothing in either section suggests the necessity of a responsive pleading prior to hearing. The distinction between a complaint filed pursuant to § 42–123(B)(1) and a notice of appeal pursuant to § 42–123(B)(6) is recognized in *Department of Revenue v. Southern Union Gas Company,* 119 Ariz. 512, 582 P.2d 158 (1978). The trial court correctly determined that the taxpayers were not in default and properly vacated the judgment.

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.