163 Ariz. 403 (1990)
788 P.2d 136
SUNCOR DEVELOPMENT CO.
v.
MARICOPA COUNTY; Arizona Department of Revenue.
No. TX 89-00683.
Tax Court of Arizona.
March 6, 1990.
*404 Richard H. Lane, Phoenix, for plaintiffs-appellants.
Atty. Gen. by Francis L. Migray, Phoenix, for defendant-appellee Ariz. Dept. of Revenue.
Maricopa County Atty. by Sydney K. Davis, Phoenix, for defendant-appellee Maricopa County.
MORONEY, Judge.
On February 21, 1990, the Court heard applications for default in 18 cases. The cause captioned above was the first presented of these 18 cases. In all of these cases, the taxpayer was making an application for a default judgment in a property tax appeal taken pursuant to A.R.S. § 42-177. There are many more property tax appeals pending for the tax year 1989 in which the circumstances are essentially the same as those presented herein.
The Court finds that taxpayers and their attorneys whose appeals have been treated by the respondent taxing authorities as the 18 appeals referenced above have been treated, would benefit from the Court's interpretation of the issues of law presented. A.R.S. § 12-171 (Supp. 1989) provides the Court with its authority for publishing this decision.
In particular, the Court feels that potential plaintiffs similarly situated to the plaintiff herein should have the benefit of the Court's interpretation of Rule 55(e) of the Arizona Rules of Civil Procedure, as it applies in property tax appeals brought pursuant to A.R.S. § 42-177 (Supp. 1989).
When the taxpayer is the appellant, A.R.S. § 42-177(C) requires that the Clerk of the Tax Court docket the appeal in the name of the appellant as plaintiff and of *405 the state or county, whichever is appropriate, and the Department of Revenue as defendants. In this case, and in all cases in which the Court intends that this Opinion provide guidance, a county is an appropriate defendant.
The taxpayer initiated its appeal herein by filing a document which it captioned Notice of Appeal, Property Tax, Title 42. No issue was ever raised that the plaintiff's Notice of Appeal is deficient in any way. Therefore, the Court presumes the document which initiated this appeal meets the requirements of A.R.S. § 42-177(B) and Rule 8(a) of the Arizona Rules of Civil Procedure. The response of each taxing authority is copied and made a part of this opinion as Appendix A, in the case of the Department, and Appendix B, in the case of Maricopa County. In each case, the response is denominated a Notice of Appearance.
After the responses of the taxing authorities were filed, the taxpayer made application for default with the Clerk of the Court pursuant to Rule 55(a) of the Arizona Rules of Civil Procedure. The taxpayer gave each taxing authority the notice required in Rule 55(a)(1)(i) and 55(a)(1)(ii).
The first issue presented to the Court is whether, under the circumstances, an entry of default is correct. The Court holds that it is.
Rule 55(a) provides that:
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, the clerk shall enter that party's default in accordance with the procedures set forth below.
The Court holds that, both the County and the Department failed to plead or otherwise defend in accordance with these Rules.
The Court is of the opinion that the "notice of appearance" filed by each taxing authority is a result of an interpretation of the Court of Appeals decision in State ex rel. Dept. of Revenue v. Golder, 123 Ariz. 504, 600 P.2d 1136 (App. 1979). In Golder, the Department of Revenue, in Superior Court, appealed a decision of the State Board of Tax Appeals which reduced the valuation of the taxpayer's property. All defendants were served, but none answered. The Department obtained judgment by default. When the taxpayers discovered that the Department had obtained a judgment, they sought to have it set aside. The trial court granted the relief requested by the taxpayers. The Department then appealed to the Court of Appeals seeking to reverse the trial court's order setting aside the default judgment.
The statutory provisions on which the Department relied in the Golder appeal were substantially the same as they are today. These statutes have since been renumbered as A.R.S. § 42-176 et seq.
In analyzing the statutes governing property tax appeals, the Court of Appeals in Golder came to the conclusion that the document which commenced a property tax appeal in Superior Court was a Notice of Appeal and not a Complaint. Further analysis of what is now A.R.S. § 42-178, which then, as now, required a hearing on the appeal within 180 days, led the appellate court in Golder to hold that a defendant in a property tax appeal need not respond prior to the hearing.[1]
The Court of Appeals, in Arizona Department of Revenue v. Navopache Electric Co-op, Inc., 151 Ariz. 318, 321, 727 P.2d 813, 817 (App. 1986), cited with approval the conclusion reached in Golder.
Subsequent to Golder and Navopache, the state legislature passed the act which created the Arizona Tax Court. Among the statutes passed are A.R.S. § 12-166 (Supp. 1989) and A.R.S. § 12-168 (Supp. 1989). A.R.S. § 12-166 reads as follows: "except as provided in this article, proceedings in the tax court shall be governed by the rules of civil procedure in the superior court." A.R.S. § 12-168 is quoted:

*406 A. Proceedings before the court are original, independent proceedings and shall be tried de novo.
B. If an action is an appeal from an order or determination of an administrative agency, the action shall be an original proceeding in the nature of a suit to set aside the order or determination.
The Court holds that by this statutory language the legislature intended that property tax appeals in superior court should proceed as do other trials in superior court.
A.R.S. § 12-166, and A.R.S. § 12-168 are both part of Title 12, Chapter 1, Article 4 of the Arizona Revised Statutes. Article 4 pertains to the Tax Court. A.R.S. § 12-166 provides that the Rules of Civil Procedure shall govern in the Tax Court "except as provided in this article." There is nothing in Article 4 which exempts property tax appeals from being governed by the Rules of Civil Procedure.
Rule 2 of the Arizona Rules of Civil Procedure states that "There shall be one form of action to be known as `civil action'." Rule 3 provides that "a civil action is commenced by filing a complaint with the court." A.R.S. § 12-166, therefore, brings proceedings in the Tax Court into conformity with the Rules of Civil Procedure, and provides that a property tax appeal is commenced by the filing of a complaint.
A.R.S. § 12-166, then, is in conflict with A.R.S. § 42-177, as the latter statute has been interpreted by Golder.
Golder, interpreting language still part of A.R.S. § 42-177, was decided in 1979. A.R.S. § 12-166 was enacted in 1988. Where two statutory provisions conflict, the one enacted later controls. Pima County v. Heinfeld, 134 Ariz 133, 654 P.2d 281 (1982).
A.R.S. § 12-168 gives further support to the proposition that, in enacting the Tax Court statutes, the legislature intended that matters in the Tax Court proceed by the same rules as govern other civil matters in Superior Court.
Subsection A, of A.R.S. § 12-168, provides that proceedings in the Tax Court are "original, independent proceedings." Subsection B speaks of proceedings "in the nature of a suit."
Original, independent proceedings, and proceedings in the nature of a suit, in a court of record, require, at the outset, a statement of the basis for the plaintiff's claim for relief. The statement must be more than mere notice that the old conflict is now to be taken to a higher forum.
The Court holds that the holding in State ex rel. Dept. of Revenue v. Golder, supra, as such holding is set forth above, has been abrogated by subsequent legislation.
This ruling by the Court makes no change in the substantive provisions of A.R.S. § 42-177. When the question arises whether a statute is superseded by a later statute, the Court's duty is to harmonize the statutes, and not construe a statute as repealed by implication if such a construction can be avoided. State v. Rice, 110 Ariz. 210, 516 P.2d 1222 (1973). Here the statutes can be harmonized without difficulty.
The Court holds that a property tax appeal must be commenced by the filing of a complaint. The complaint must comply with Rule 8(a). It also must comply with A.R.S. § 42-177.
Having determined that a notice of appeal in a property tax appeal in the Tax Court is a complaint, Rule 7 requires that we now consider whether either notice of appearance filed herein constitutes a pleading or defense as provided by the Rules of Civil Procedure. Only a filing which sets forth a claim for relief, or a defense to such a claim, can be identified as a pleading. An answer is the pleading which responds to a complaint.
A default may be entered when a defendant fails "to plead or otherwise defend." Rule 55(a) A.R.C.P. The words "otherwise defend" refer to a response which challenges the sufficiency of the pleading to which the response is due, or which challenges whether the pleader has met all of the precedent conditions which are necessary *407 to give standing to the pleader's claim for relief. Wright, Miller & Kane, Federal Practice and Procedure, § 2682 (1983).
Responses to a complaint are limited to an answer pursuant to Rule 8, and motions made pursuant to Rule 12. Rule 12 also sets forth the requirement of a responsive pleading.
In this case, neither taxing authority filed anything which could be denominated a motion pursuant to Rule 12. The question then before the Court is whether or not the notices of appearance filed by the taxing authorities could be deemed to be answers. The Court holds that neither response is an answer. Rule 8(b) requires that:
A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.
Neither response meets this test.
Therefore, the Court holds that the taxpayer's action in making application for default was correct.
After the default of the taxing authorities was entered by the Clerk consistent with Rule 55, the taxpayer made application to the Court for judgment by default. Rule 55(b)(1) provides that judgment by default may be entered, when certain conditions are met, by motion. Otherwise such judgment shall be entered after hearing. Rule 55(b)(2) A.R.C.P. For reasons set forth hereafter, the Court holds that default judgments against The Department of Revenue or a county in a property tax appeal must be taken after a hearing.
Rule 55(e) provides that:
No judgment by default shall be entered against the state or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.
This rule requires that judgments by default taken against the Department of Revenue be taken only after the taxpayer has presented evidence which rises to the standard set forth in the rule.
The Arizona property tax scheme contemplates statewide application. See A.R.S. § 42-141 (Supp. 1989). It is the intention of the legislature that the property tax burden be equal throughout the State. For that reason, the Department of Revenue is given overall supervision over the assessment of property taxes. A.R.S. § 42-141(A)(1). County assessors are designated as deputy directors of the Department of Revenue for property tax assessment purposes. A.R.S. § 42-221(A) (Supp. 1989). For properties that are assessed locally, the assessor may well be in a better position to give evidence on behalf of the taxing authority than any agent for the Department of Revenue. Thus, the county may bear the main burden of defending locally assessed property tax cases.
Because of the integration of property classification and valuation as between State and county, the Court holds that defaults of property tax cases against a county must also meet the standard required by Rule 55(e).
In property tax appeals brought by the taxpayer, the valuation being appealed is presumed to be correct. A.R.S. § 42-178(B) (Supp. 1989). The threshold inquiry is whether this valuation is excessive. A.R.S. § 42-178(C). The burden of proving this is upon the taxpayer. Magna Inv. & Dev. Corp. v. Pima County, 128 Ariz. 291, 625 P.2d 354 (App. 1981). This burden is not lessened by the fact that the evidence is presented in a hearing pursuant to Rule 55. In Magna Inv. & Dev. Corp., 128 Ariz. at 293, 625 P.2d 354, the Appellate Court set forth the standard of Superior Court review as follows:
In reviewing the evidence, we note that the law regarding our standard of review in tax appeals is clear. The trial court may not make an independent valuation of the full cash value (market value) of the subject property until two conditions have been met. First, evidence must be presented to rebut the statutory presumption under A.R.S. Sec. 42-152(B) that the valuation `as approved by the appropriate state or county authority [is] correct and lawful.' Second, the court *408 must determine whether the valuation is excessive or insufficient. Such a preliminary finding is a condition precedent to the court's making its own evaluation of the facts.[2]
Rule 55(e) requires that:
No judgment by default shall be entered ... unless the claimant establishes a ... right to relief by evidence satisfactory to the court.
The Court holds that in property tax appeals brought by the taxpayer involving valuation or classification, evidence expressing an opinion of value must, at the least, be by testimony presented by an expert qualified by the Court, subject to further in-court inquiry by the Court, should the Court elect to make such inquiry. Furthermore, the taxpayer must introduce documentary evidence in support of any opinion on valuation offered.
The Court further holds that it may make such determinations with respect to classification or valuation as are justified by the evidence and are authorized in A.R.S. § 42-178.
Rule 55 provides that a defaulted taxing authority is to receive notice of any hearing at which a default judgment against it is to be sought. The defaulted taxing authority may be represented at the hearing for judgment by default and may cross examine witnesses presented by the party seeking the default. Further, the Court may impose such further requirements consistent with Rule 55(b)(2) as it feels to be necessary.
If any taxing authority fails to avail itself of its opportunity to appear, as it did in the case under consideration, the Court, nevertheless, is obligated to view the evidence presented with the same standard as it would view evidence presented in contested litigation.
It is not for the judiciary to fill the role of an absent advocate. Nothing in this Opinion should be interpreted otherwise. Because the impact of an improper reduction in valuation falls upon all non-litigating taxpayers, however, the Arizona Tax Court is necessarily an integral part of the State's overall scheme for property taxation. The Court, therefore, holds that the standard of proof set forth herein is that required to establish "evidence satisfactory to the Court" in hearings for default judgments in property tax appeals by the taxpayer, where the issues are valuation or classification.

APPENDIX A
Robert K. Corbin
Arizona Attorney General
Frank L. Migray (003441)
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
[602] 542-1719

Attorneys for Defendant Arizona Department of Revenue

In the Superior Court of the State of Arizona

In the Arizona Tax Court

TX89-00683

Suncor Development Company, an Arizona corporation, Plaintiff(s),

vs.

Maricopa County, a political subdivision of the State of Arizona; Arizona Department of Revenue, Defendant(s).

NOTICE OF APPEARANCE
COMES NOW the Attorney General and enters his appearance as attorney for Defendant, ARIZONA DEPARTMENT OF REVENUE, in the above-entitled action.
The Defendant, Arizona Department of Revenue, at this time advises the Plaintiff(s) of its nominal party status in this litigation.
Dated this 28th day of November, 1989.
 ROBERT K. CORBIN
 Arizona Attorney General
 /s/ Frank L. Migray
 FRANK L. MIGRAY
 Assistant Attorney General
*409 Copy of the foregoing mailed
this 27th day of November, 1989 to:
RICHARD H. LANE
2929 North 44th Street, Suite 400
Phoenix, Arizona 85018
Attorney for Plaintiff(s)
SANDOR SHUCH
Deputy County Attorney
Maricopa County Attorney's Office
Arizona Title Building, 16th Floor
111 West Monroe
Phoenix, Arizona 85003
KAREN L. MAURER

APPENDIX B
Maricopa County Attorney's Office
By: Sydney K. Davis
Bar ID No. 004041
Deputy County Attorney
First American Title Building
111 West Monroe, 16th Floor
Phoenix, Arizona 85003
Attorneys for Defendant
Maricopa County
Telephone: (602) 262-8541

In the Superior Court of the State of Arizona

In the Arizona Tax Court

No. TX 89-00683

Suncor Development Company, an Arizona corporation, Plaintiff(s),

vs.
Maricopa County, A Body Politic; the Arizona Department of Revenue, A Department of the State of Arizona; Maricopa County Assessor; Maricopa County Board of Supervisors, et al., Defendants.

NOTICE OF APPEARANCE
COMES NOW the Defendant Maricopa County and enters its appearance as attorney for Defendant, MARICOPA COUNTY, in the above entitled action.
The Defendant, Maricopa County, at this time advises the Plaintiff(s) of its nominal party status in this litigation.
DATED this 22 day of December, 1989.
MARICOPA COUNTY ATTORNEY'S OFFICE
BY Sydney K. Davis
SYDNEY K. DAVIS
Deputy County Attorney
First American Title Building
111 West Monroe, 16th Floor
Phoenix, Arizona 85003
Attorney for Defendant
Maricopa County
Original filed and copies
delivered/mailed this 22
day of December, 1989, to:
The Hon. William T. Moroney
Arizona Tax Court
ECB # 814
Richard H. Lane, Esq.
Attorney at Law
2929 North 44 Street, Suite 400
Phoenix, Arizona 85018
Attorney for Plaintiff(s)
Attorney General's Office
Tax Division
1275 West Washington
Phoenix, Arizona 85007
Attorney for Defendant
Arizona Department of Revenue
Lea J. Wink 
Lea J. Wink
NOTES
[1] The Golder court noted that the distinction between a notice of appeal and a complaint in a property tax case had been earlier made by the Arizona Supreme Court in Department of Revenue v. Southern Union Gas Co., 119 Ariz. 512, 582 P.2d 158 (1978).
[2] A.R.S. § 42-152(B) has been renumbered as A.R.S. § 42-177(B).