796 P.2d 479

**ARIZONA DEPARTMENT OF REVENUE and Maricopa County, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the ARIZONA TAX COURT, the Honorable William T. Moroney, a judge thereof, the Honorable Kenneth W. Reeves, III, a commissioner thereof, Respondent Judges,**

**CITRUS HEIGHTS RANCHES, a partnership; and H & W Partnership #2, a partnership, Real Parties in Interest.**

No. 1 CA–SA 90–072 TX.

Court of Appeals of Arizona, Division 1, Department T.

June 12, 1990.

Gammage & Burnham by Thomas K. Irvine, Phoenix, for petitioners.

Donald P. Roelke, Phoenix, for real parties in interest.

## OPINION

FIDEL, Judge.

Petitioners Arizona Department of Revenue and Maricopa County were defaulted when they failed to submit timely answers to property tax appeals filed in the Arizona Tax Court by taxpayers challenging their property valuations for 1989. This case concerns two such appeals by real parties in interest Citrus Heights Ranches and H & W Partnership # 2. The tax court denied petitioners' motions to set aside entry of default, and, in the one case that has proceeded to default hearing, refused to let petitioners present evidence on the issue of valuation. Petitioners bring this special action seeking relief from the trial court's rulings.

## PROCEDURAL BACKGROUND

Citrus Heights Ranches and H & W Partnership # 2 (taxpayers) filed separate actions in the tax court pursuant to A.R.S. § 42–177, alleging that the Department of Revenue and County had overvalued their properties for the tax year 1989. Taxpayers initiated their actions by filing documents entitled "Complaint and Notice of Appeal." Neither the Department nor the County filed an answer; instead, in these and many other cases, they filed notices of appearance, asserting "nominal party status." When taxpayers' counsel tendered settlement offers, the County returned the documents, advising that it was taking only "a nominal party posture." Taxpayers applied for entry of default and, when the statutory response period expired, moved for default hearings pursuant to Rules 55(b)(2) and 55(e). Before such hearings were conducted, the legislature appropriated funds for the attorney general to hire outside counsel "to assist in litigation relating to ... property valuation appeals." Laws 1990, ch. 2, § 2. Petitioners then jointly moved to substitute present counsel, who promptly moved to set default aside in these and similar cases.

Petitioners first argued that default was inappropriately entered because responsive pleadings are not required in tax appeals. Alternatively, they argued, if responsive pleadings are required, their default was excusable. The 1989 appeals, they claimed, were unprecedented in number and overwhelmed their capacity to respond with in-house staff; they had filed nominal appearances as a holding action while seeking the special appropriation that now permitted their response.

At an accelerated hearing, Judge Moroney, sitting as the tax court, denied petitioners' motions to set aside, holding that responsive pleadings must be filed in tax appeals. He further stated, "There is no case for excusable neglect since the nominal party responses were deliberate on the part of both Maricopa County and the Arizona Department of Revenue. There was not an adequate showing that there were insufficient resources. There was not an adequate showing that this was unforeseen."

The default hearing for H & W Partnership was postponed, but the hearing for Citrus Heights took place later the same day before Commissioner Reeves. Citrus Heights presented evidence of overvaluation. The tax commissioner found the assessed value excessive and lowered it. Petitioners were permitted to cross-examine and argue, but were denied permission to present affirmative evidence to support their contested valuation.

■ The Department and County have failed to answer in over 200 property tax valuation cases. Though these cases were scheduled for default hearings between March 26, 1990, and April 19, 1990, we are advised that the plaintiffs have agreed to postpone the hearings for 45 days to en-

gage in settlement negotiations and to await our resolution of this special action. We accept special action jurisdiction because so many cases involve identical issues; a resolution at this juncture will avoid a multiplicity of appeals. *Summerfield v. Superior Court,* 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985).

## ISSUES PRESENTED

We address two issues:

1. Must petitioners file an answer or responsive pleading to a tax court appeal?

2. May petitioners, when defaulted, present affirmative proof of valuation at default hearing?

We answer each question affirmatively. We do not address the trial court's finding on the subject of excusable neglect, as the petitioners do not challenge it in this proceeding.

## NECESSITY FOR ANSWER IN TAX APPEALS

■ Petitioners argue that these defaults should be set aside because tax court appeals do not require responsive pleadings. They rely on *State ex rel. Arizona Dep't of Revenue v. Golder,* which held that a defendant in a property tax appeal need not respond before the hearing on appeal. 123 Ariz. 504, 506, 600 P.2d 1136, 1138 (App.1979).

■ We may dispose of this issue expeditiously; the tax court has persuasively resolved it in a published opinion, *Suncor Development Co. v. Maricopa County,* 163 Ariz. 403, 788 P.2d 136 (Tax 1990). The court explained in *Suncor* that *Golder* has been superseded by recently enacted statutes governing tax court procedure. Specifically, A.R.S. § 12–166 (1988) provides that tax court proceedings shall be governed by the rules of civil procedure in superior court, and A.R.S. § 12–168(A) (1988) provides that the proceedings are original and shall be tried *de novo.* We adopt the reasoning [1] of *Suncor* and apply

its holding that responsive pleadings are required in cases such as these. Because petitioners' notices of appearance did not constitute answers or responsive pleadings, petitioners were properly subjected to default pursuant to Rule 55(a), 16 A.R.S. Rules of Civil Procedure.

## DEFAULTING PARTY'S RIGHT TO PRESENT EVIDENCE AT HEARING

The next issue is whether the petitioners may present evidence at default hearing. We note that the Department and the County have abandoned "nominal party status"; both now acknowledge adversary status and wish to participate at default hearing to the extent the law allows. Had petitioners continued to profess "nominal party" status, we would conclude that they could not participate at all.

Petitioners contend that the tax commissioner erroneously refused to allow Citrus Heights to present affirmative evidence on valuation at its default hearing. In *Dungan v. Superior Court,* a personal injury case, we discussed the evidentiary participation of a defendant in default. 20 Ariz. App. 289, 512 P.2d 52 (1973). We reasoned that a defaulting defendant admits liability when he fails to answer, but that this admission does not relieve the plaintiff from proving the extent of damages. *Id.* at 290, 512 P.2d at 53. Rule 55(b)(2), 16 A.R.S. Rules of Civil Procedure, states that if damages are uncertain, the court may conduct such hearings as it deems necessary. In *Dungan* we held that the court should exercise its discretion in favor of allowing the defendant to cross-examine and offer counterproof. 20 Ariz.App. at 291, 512 P.2d at 54.

In *Suncor,* which was issued before the default hearing for Citrus Heights, the tax court held that "[t]he defaulted taxing authority may be represented at the hearing for judgment by default and may cross examine witnesses presented by the party

---

1. A notice of appeal to this court has been filed in *Suncor,* and we confine our approval of that case to its analysis of the default issue. We do not decide the propriety of the court's disposition.

seeking the default." 163 Ariz. at 408, 788 P.2d at 141. This portion of the *Suncor* opinion is ambiguous. The court neither mentioned *Dungan* nor referred to counterproof. The taxpayers argue that *Dungan* is distinguishable, however, and that a defaulting tax authority, unlike a defaulting personal injury defendant, should be restricted to cross-examination at the default hearing. A defaulting personal injury defendant, they point out, gives up the right to contest liability; in property tax appeals, by contrast, the only issue is property valuation, and to let a defaulting defendant offer evidence of value would relieve the defendant of any penalty for being in default.

 Taxpayers' distinction is a fair one. Yet there is little to be gained in public good from the penal application of default rules to public tax authorities. In *Dungan* we stated: "[A] court may well ask itself: Can counsel for the defaulting defendant make any material contribution in aiding the trier of fact in the search for truth?" 20 Ariz.App. at 291, 512 P.2d at 54. This approach is complementary to Rule 55(e), 16 A.R.S. Rules of Civil Procedure, which provides:

> **Judgment Against the State.** No judgment by default shall be entered against the state or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

We conclude that in tax appeals, as in other civil proceedings, the *Dungan* rule applies. The trial court has discretion to permit a defaulting party to present positive evidence and should exercise that discretion favorably where such evidence may aid in the search for truth.[2]

 Citrus Heights argues, however, that in its case the tax court had good reason to block petitioners' presentation of affirmative proof. Both the Department and the County asserted nominal status throughout the litigation. They refused to review settlement offers. They did not disclose their expert's identity or appraisal before the default hearing; in fact, according to Citrus Heights, petitioners gave no indication that they intended to offer evidence at all, though Citrus Heights gave its expert's appraisal to petitioners two days before the hearing.

We do not believe that the law prevents the tax court from considering such factors in determining the participation at default hearing of the party in default. We cannot determine from the record in this case, however, whether the tax commissioner limited petitioners to cross-examination because of these factors or whether, as appears more likely, he felt constrained to do so by the language in *Suncor* quoted above.

## DISPOSITION

We hold that the Department and County were required to file answers in both of these tax appeals, and we affirm the tax court's denial of petitioners' motions to set aside default.

We hold that a defaulted tax authority in a property tax appeal may present affirmative evidence of valuation within the discretion of the trial court.

We remand the Citrus Heights case to the tax court for a specific determination whether, in the court's discretion, it will permit the petitioners to present such evidence. If the court chooses to permit such evidence, it may set appropriate conditions for pre-hearing discovery and/or disclosure.

The H & W case may proceed to default hearing to be conducted in a manner consistent with this opinion.

We reiterate that all participatory rights of the Department and County are contingent upon their relinquishment of nominal status.

JACOBSON, P.J., and GERBER, J., concur.

---

**2.** This does not mean that a tax authority may default without risk. As we note below, there are considerations that might justify a restrictive exercise of the trial court's discretion.