803 P.2d 141

**CITY OF MESA**

v.

**CARTER HAWLEY HALE STORES, INC.**

**No. TX 90–00220.**

Tax Court of Arizona.

Dec. 18, 1990.

Mesa City Atty. by Charles S. Hover, III, Mesa, for plaintiffs-appellants.

Snell & Wilmer by Brian J. Foster, Phoenix, for defendants-appellees.

## OPINION

MORONEY, Judge.

The Taxpayer protested a city audit pursuant to the Mesa City Code. The City Hearing officer ruled in the Taxpayer's favor. On July 20, 1990, the City issued a revised audit to the Taxpayer. The Taxpayer received the revised audit on July 24, 1990. The City filed a Notice of Appeal and Complaint with the Tax Court on August 20, 1990. The Complaint misspelled the Taxpayer's name but correctly identified the administrative proceeding from which the appeal was taken and correctly identified the Taxpayer by City license number and business name.[1] The City attempted service on the Taxpayer's statutory agent. Service was refused because of the faulty spelling of Taxpayer's name. On August 29, 1990, the City filed an Amended Complaint and Notice of Appeal which corrected the caption of the first Complaint. The Taxpayer now moves this Court to dismiss the City's claim on the basis that it was untimely filed.

### Issue

Is the procedure for taking an appeal from a City administrative proceeding to the Tax Court governed by the Arizona Rules of Civil Procedure?

### Law

The City Code of Mesa, § 5–10–575, describes the manner and method by which either the Taxpayer or the taxing authority may take an appeal from the decision of the hearing officer to the Superior Court. The Code provides:

(B) The Tax Collector may seek judicial review of all or any part of a Hearing Officer's decision by initiating an action in the appropriate Court of this County.

(C) An action for judicial review shall not be commenced more than thirty days after receipt of notice by the taxpayer of any refund or assessment recalculated or reduced to conform to the Hearing Officer's decision.

Mesa City Code §§ 5–10–575(B), (C). In order to comply with the City Code, the City must have filed its appeal within thirty days of the Taxpayer's receipt of the revised audit figures mailed by the City. The parties agree that the Taxpayer received the revised audit figures on July 24, 1990. Therefore, the City must have filed its initiating document in the Tax Court on or before August 23, 1990.

The Taxpayer contends that the City's August 20 filing was ineffective because it improperly named the Defendant and because it was not served within the time for appeal. The Taxpayer further contends that the August 29 Amended Notice of Appeal and Complaint was ineffective to cure the defects in the original filing. This argument is made because the Mesa City Code does not provide for amended appeals and because the Arizona Rules of Civil Procedure do not provide for amendment of appeals from city administrative hearings.

The Mesa City Code is based on the Model City Tax Code. The Model Code and the City Code are silent on the applicability of the Arizona Rules of Civil Procedure to city proceedings. The Codes do provide a

---

1. The City named "Carter Hawley Hall, a delaware corporation dba The Broadway" as the defendant in the August 20 Complaint and Notice of Appeal. The City's August 29, 1990, Amended Complaint and Notice of Appeal names "Carter Hawley Hale Stores, Inc., a Delaware corporation, dba The Broadway" as the defendant.

method of procedure at the city administrative level. The issue presented is not whether the Rules of Civil Procedure apply at the administrative level but whether they apply once an action is commenced with the Tax Court.

■ The Superior Court is authorized to hear appeals from City administrative decisions pursuant to Mesa City Code § 5–10–575. A.R.S. § 12–163(A) provides that when "an action (in Superior Court) involves the imposition, assessment, or collection of a tax", the case shall be transferred to the Tax Court. A.R.S. § 12–168 provides

(A) Proceedings before the [Tax] court are original, independent proceedings and shall be tried de novo.

(B) If an action is an appeal from an order or determination of an administrative agency, the action shall be an original proceeding in the nature of a suit to set aside the order or determination.

Therefore, even though the Mesa City Code describes "an action for judicial review", once that action is filed with this Court, it becomes "an original proceeding in the nature of a suit."

■ This Court has previously held that a property tax appeal filed with this Court is also a Complaint governed by the Arizona Rules of Civil Procedure. *Suncor Development v. Maricopa County*, 163 Ariz. 403, 788 P.2d 136 (Tax 1990). *See also Arizona Dep't of Revenue v. Superior Court*, 165 Ariz. 47, 49, 796 P.2d 479, 481 (App.1990). The Court now holds that an appeal from a city administrative proceeding to this Court is likewise a Complaint subject to the Arizona Rules of Civil Procedure.

■ Nothing in this decision should be read to abrogate the formal requirements for an appeal from a city administrative proceeding as set out in the city code. In order for this Court to acquire jurisdiction over a tax appeal from a city administrative proceeding, the appellant must still comply with each jurisdictional prerequisite set out in that city's code.

■ The Court finds that the City's original Complaint and Notice of Appeal was filed within thirty days of the Taxpayer's receipt of the amended audit. Therefore, the City's Complaint was timely filed on August 20, 1990.

The taxpayer has urged no authority on this Court which would support a claim that the original Complaint and Notice of Appeal was fatally defective because of the misspelling of the defendant's name. The City correctly identified the hearing from which the appeal was taken, the Taxpayer's business name, and the Taxpayer's business license number and statutory agent. This information was sufficient to name the defendant.

■ In any event, the Rules of Civil Procedure allow an amendment of the pleadings "once as a matter of course at any time before a responsive pleading is served." Rule 15(a)(1) A.R.C.P.. The City's Amended Complaint and Notice of Appeal was filed on August 29, 1990, before a responsive pleading had been served. The City's attempt to amend the Complaint was therefore effective under the Rules of Civil Procedure. The Taxpayer has not identified any prejudice or hardship caused by the amended pleading.

■ The Taxpayer has also urged that because service was not effected on the Taxpayer prior to the expiration of the time for appeal, the appeal must be dismissed. The Court finds nothing in the Mesa City Code to support such a position. Once the Complaint and Notice of Appeal was filed with this Court, the Rules of Civil Procedure governed the time for service. Rule 6(f), A.R.C.P. provides that service must be made within one year of the filing of the Complaint. *See Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 465–66, 799 P.2d 801, 806–07 (1990). The City's initial failure to effect proper service on the Taxpayer did not, therefore, deprive this Court of jurisdiction over the appeal.

IT IS ORDERED denying the Taxpayer's Motion to Dismiss.