857 P.2d 1333

**Saul S. SPIEGEL**

v.

**BOARD OF SUPERVISORS OF MARICOPA COUNTY; Arizona Department of Revenue.**

No. TX 91–00930.

Tax Court of Arizona.

Aug. 4, 1993.

Ronald A. Kershaw, Jr., Phoenix, for plaintiff-appellant.

Attorney Gen. by Mary H. DeLaat, Phoenix, for defendants-appellees.

## OPINION

MORONEY, Judge.

This is a property tax appeal brought by Taxpayer pursuant to A.R.S. § 42–177 contesting the Maricopa County Assessor's 1991 valuation of Taxpayer's property. Taxpayer named Maricopa County and the Department of Revenue as Defendants. Copies of Taxpayer's Notice of Appeal were served on each Defendant by a licensed process server. The copies of the Notice of Appeal were not accompanied by a Summons.

The Defendants filed a Motion to Dismiss Taxpayer's appeal, claiming that Taxpayer's failure to serve both the County and the Department with a copy of a Summons constitutes insufficiency of service of process. Arizona Rules of Civil Procedure 12(b)(5). The Court denies the Defendants' Motion to Dismiss.

Two questions are raised by the Defendants' Motion to Dismiss. The first is whether a Notice of Appeal filed pursuant to A.R.S. § 42–177 must be accompanied by a Summons to properly complete service. If a Summons is required, the second question is whether the Taxpayer's failure to serve such a Summons requires dismissal of the case.

### Is a Summons Required to Properly Complete Service in a Property Tax Appeal?

A Notice of Appeal filed pursuant to A.R.S. § 42–177 is subject to the standards for

service set forth in that statute. A.R.S. § 42–177(D) provides in pertinent part:

A copy of the notice of appeal shall be served on the defendant or defendants and the state board of tax appeals within ten days of filing, *in the manner provided for service of process in the rules of civil procedure or by certified mail.*

■ Defendants argue A.R.S. § 42–177(D) requires that in addition to the service requirements set forth in the statute itself, service of process pursuant to A.R.S. § 42–177 is also governed by the Arizona Rules of Civil Procedure. Defendants argue Rule 4.1 of the Arizona Rules of Civil Procedure requires that a copy of a Summons accompany a Complaint; therefore, a copy of a Summons must also accompany a Notice of Appeal filed pursuant to A.R.S. § 42–177. Taxpayer argues that no specific mention is made in A.R.S. § 42–177 of a Summons. Therefore, one is not required. The Court holds that to properly complete service of process, a Notice of Appeal filed pursuant to A.R.S. § 42–177 must be accompanied by a Summons.

Courts have had several occasions to interpret A.R.S. § 42–177(D). The determination of the Court of Appeals in *Maricopa County v. Arizona Tax Court,* 162 Ariz. 64, 781 P.2d 41 (App.1989), guides the Court today. In that case, the court interpreted A.R.S. § 42–177(D) to require that service on a defendant must be made as service is made in the Arizona Rules of Civil Procedure, or by certified or registered mail. The court in that case made it clear, then, that at least in some cases, service of a Notice of Appeal filed pursuant to A.R.S. § 42–177 is governed by the requirements set forth in the Arizona Rules of Civil Procedure.

■ *Arizona Tax Court* seems to have left one issue unresolved, however. A.R.S. § 42–177(D) states that a copy of the Notice of Appeal shall be served "in the manner provided for service of process in the rules of civil procedure **or by certified mail.**" (emphasis added). The Court holds that the reference to "certified mail" preceded by the disjunctive "or," provides an alternative to service "in the manner pro-

vided" in the Rules of Civil Procedure. The Court further holds that "in the manner provided" means by use of a licensed process server as is set forth in Rule 4.1 of the Arizona Rules of Civil Procedure.

■ The court may look to the historical background of a statutory enactment to shed light on its meaning. *Dupnik v. Mac-Dougall,* 136 Ariz. 39, 42, 664 P.2d 189, 192 (1983); *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964). The history of A.R.S. § 42–177(D) explains why it was necessary that a distinction be made in the statute between service by certified mail and service in the manner provided in the Rules of Civil Procedure. When A.R.S. § 42–177 was enacted, no provision existed in the Arizona Rules of Civil Procedure for service by mail on either the state or a county. The provision in A.R.S. § 42–177(D) allowing for service by certified mail was provided by the legislature as an alternate to the method of personal service then defined in the Arizona Rules of Civil Procedure.

■ The Court holds that service of a Notice of Appeal filed pursuant to A.R.S. § 42–177, whether by a process server or by mail, is governed by the Arizona Rules of Civil Procedure. A.R.S. § 12–166, a statute enacted upon the creation of the Arizona Tax Court, resolves any doubts that this is the correct interpretation. It states, "Except as provided in this article, proceedings in the tax court shall be governed by the rules of civil procedure in the superior court." The court in *Suncor Dev. Co. v. Maricopa County,* 163 Ariz. 403, 788 P.2d 136 (Tax 1990) held that when the legislature adopted A.R.S. § 12–166, it intended that property tax appeals in superior court proceed as other trials in superior court. Accordingly, the standards for service in the Arizona Rules of Civil Procedure apply equally to property tax appeals filed pursuant to A.R.S. § 42–177 as to other civil cases in superior court.

Taxpayer argues that regardless of the reference to the Arizona Rules of Civil Procedure in A.R.S. § 42–177(D), a Summons is not required in cases filed pursuant

to that statute because A.R.S. § 42–177(D) does not specifically mention the requirement of a Summons. Taxpayer cites *Arizona Dep't of Revenue v. Navopache Electric Co-op, Inc.*, 151 Ariz. 318, 727 P.2d 813 (App.1986) in support of this proposition.

The court in *Navopache* did state that "the filing of a summons appears to be a precautionary practice developed because of the absence of clear procedural directives in the statute itself. The statute does not require that a summons be filed or issued." *Navopache* 151 Ariz. at 322, 727 P.2d at 817.

The court's comments in *Navopache* on the necessity of a Summons do not control this issue. The issue of whether a Summons is required in cases filed pursuant to A.R.S. § 42–177 was not before that court. The issue the *Navopache* court addressed was whether service of a Notice of Appeal by mail is complete upon mailing. The *Navopache* court stated that A.R.S. § 42–177(D) itself does not require a Summons. However, the court did not address the relationship between A.R.S. § 42–177 and the Arizona Rules of Civil Procedure and the requirement in those rules that a Summons be issued.

The Court now turns to the standards set forth in the Arizona Rules of Civil Procedure regarding the necessity of a Summons. Rules 4 and 4.1 of the Arizona Rules of Civil Procedure govern service. Rule 4(a), in pertinent part, requires that "[w]hen the complaint ... is filed, the clerk, ... shall forthwith issue a summons ... [T]he clerk shall sign and seal the summons and issue it to the party ... for delivery to a person authorized by Rule 4(d) to serve it." Rule 4(d) provides for licensed process servers.

Rule 4.1(b) directs the manner by which service is effected. The rule, again in pertinent part, provides:

The summons and pleading being served shall be served together.... Service shall be made as follows:

. . . . .

(5) Upon the state, by delivering a copy of the summons and of the pleading to the attorney general.

(6) Upon a county ... by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof.

The Court interprets the above quoted language to require that, in a case filed pursuant to A.R.S. § 42–177, both a Notice of Appeal and a Summons must be served on each Defendant in order to effectuate process.[1]

 The purpose of process is to provide effective notice to the defendant that he, she, or it is being called to court by the plaintiff to account for whatever is set forth in the Complaint. *Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985); *Liberty Mutual Ins. Co. v. Rapton*, 140 Ariz. 60, 62, 680 P.2d 196, 198 (App. 1984). Such notice is a requirement of the due process clauses of both the United States and Arizona Constitutions. *Ronan v. First Nat'l. Bank of Arizona*, 90 Ariz. 341, 348, 367 P.2d 950, 957 (1962). Where service of process does not comply with the statutory requirements, the court does not obtain jurisdiction over the person. *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 676 P.2d 669 (App.1984).

The function of the Summons is set out in Arizona Rules of Civil Procedure 4(b).

The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the person to be served, state the name and address of the attorney, if any, for the party on whose behalf service is being made, and otherwise that party's address. The summons shall state the time within which these Rules require the person being served to appear and defend, and shall notify that person that in case of a failure to do so judgment by default will be rendered against that person for

---

1. In *Suncor Dev. Co. v. Maricopa County*, 163 Ariz. 403, 406, 788 P.2d 136, 139 (Tax 1990), the court held that a Notice of Appeal in a property tax appeal is a Complaint.

the relief demanded in the pleading served.

The Complaint is a statement of the plaintiff's claim. Arizona Rules of Civil Procedure 8(a). Alone it does not manifest the authority of government. The Summons, however, issued under the seal of the court, announces the presence of the court in the dispute between the parties. It gives notice to the defendant that the court is taking jurisdiction over the person of the defendant for purposes of resolving the controversy set forth in the attached Complaint. The announcement of the court of its authority over the person of the defendant is an essential element of process. In Arizona, by virtue of the Summons, the defendant is placed on notice that he must respond, or the court may grant the relief which the plaintiff requests.

■ The Court takes judicial notice that Maricopa County and the Department of Revenue are sued hundreds of times every year by taxpayers challenging valuations and classifications made by taxing authorities on taxpayers' property. To these defendants, one Summons is much like another. The only thing different is the name of the taxpayer's attorney.

An argument could be made, therefore, that the Summons is a mere technicality. In this type of case it adds nothing to the requirement of notice. The Court disagrees. As has been stated herein, the Complaint invites the court to settle the plaintiff's dispute with the defendant. The Summons notifies the defendant that the Court has accepted the invitation. Without the authority of the court, process has no significance.

In view of the special nature of property tax appeals, perhaps the legislature could do away with the requirement of the Summons in cases like the instant case without doing violence to due process. A.R.S. § 42–177 demonstrates it has not chosen to do so.

A.R.S. § 42–107 provides independent support that a Summons must accompany a Notice of Appeal served pursuant to A.R.S.

§ 42–177. A.R.S. § 42–107 is contained in an article entitled "Department of Revenue." It sets forth standards apart from the Arizona Rules of Civil Procedure for service of process on the Department of Revenue. A.R.S. § 42–107 states:

> If an action is commenced against the department, a copy of the summons and the complaint or the notice of appeal, whichever is applicable, shall be served upon the director to effect service upon the department.

A.R.S. § 42–107 clearly requires that a Summons must be served with a Complaint. Taxpayer urges, however, that the statute does not require a Summons with a Notice of Appeal. This interpretation is inconsistent with the Court's holding in *Suncor Dev. Co. v. Maricopa County,* 163 Ariz. 403, 406, 788 P.2d 136, 139 (Tax 1990), that a Notice of Appeal in a property tax case is a Complaint. The Court reads A.R.S. § 42–107 to require a Summons to be served with a document entitled either "Complaint" or "Notice of Appeal."

The existence of A.R.S. § 42–107 raises an additional issue. An argument could be made that the service requirements set forth in A.R.S. § 42–107 and those in the Arizona Rules of Civil Procedure are inconsistent. A.R.S. § 42–107 requires that to effect service on the Department of Revenue, a copy of the Notice of Appeal and Summons shall be served on the Director of the Department. Rule 4.1(b)(5) of the Arizona Rules of Civil Procedure, on the other hand, provides that service shall be made on the state by delivering a copy of the complaint and Summons to the attorney general.

The Court finds that the statute and the rule are not inconsistent. Instead, in property tax valuation appeals, they provide alternate means of service on the Department of Revenue. The statutory scheme that allows for property tax appeals was created to provide a procedure for resolving property classification and valuation disputes that would be as swift and as easy as possible. The intent of the legislature is best reflected by an interpretation of the service requirements of A.R.S. § 42–177

which provide the simplest and fastest method of getting effective notice to an adversary. *Maricopa County v. Arizona Tax Court*, 162 Ariz. 64, 781 P.2d 41 (App. 1989).

■ It would be contrary to this legislative intent to interpret the service requirements set forth in A.R.S. § 42–107 and the Arizona Rules of Civil Procedure to require service by one method to the exclusion of the other. Such an interpretation would create a hurdle the legislature never intended. The Court holds that, in property tax valuation appeals, service on the Department of Revenue may be made by serving the Director of the Department or by serving the Attorney General.

### Effect of Failure to Serve Summons

■ Having decided that a Summons is required, the Court must next address the consequences of Taxpayer's failure to comply with this requirement. The County argues that service of process in an appeal filed pursuant to A.R.S. § 42–177 must be completed within ten days of filing. Because Taxpayer failed to serve the Summons within that ten day period, this case should be dismissed. The Court disagrees.

A.R.S. § 42–177(D) does provide that service must be made within ten days of filing. However, the Arizona Court of Appeals, in *Maricopa County v. Arizona Tax Court,* 162 Ariz. 64, 781 P.2d 41 (App.1989), held that the failure to timely effect service does not deprive the court of subject matter jurisdiction. The court stated, "Where the plaintiff's failure to accomplish proper service was the result of excusable neglect, the court could grant such an extension even after expiration of the ten-day period." *Arizona Tax Court*, 162 Ariz. at 70, 781 P.2d at 47.

Two circumstances combine in this case that authorize the Court to grant Taxpayer such an extension. In *Arizona Tax Court,* the Court found excusable neglect because the state of the law at issue was uncertain when the case was filed. *Arizona Tax Court*, 162 Ariz. at 70, 781 P.2d at 47. Similarly, in this case, the language of

A.R.S. § 42–177 is such that the need for a Summons could be misunderstood.

In addition, the Defendants in this case have not been prejudiced by the delay in service. The Defendants were timely served with the Notice of Appeal. Neither Defendant, therefore, has a basis for complaining that it was not aware of Taxpayer's claim. Had the Defendants not been aware of Taxpayer's claim, the Court would find Defendants' argument for dismissal more persuasive. A.R.S. § 42–178(A) requires that a property tax appeal filed pursuant to A.R.S. § 42–177 be heard within two hundred and seventy days after the appeal is docketed unless both parties file a written agreement with the Court for a postponement. If a party to a property tax appeal is not notified of the case until long after the ten day service requirement has expired, that party may be prejudiced because the delay in service effectively shortens the two hundred and seventy days within which the party must prepare its case.

■ It should be noted, however, that a taxing authority must not unreasonably delay seeking relief when it perceives a defect in service but has knowledge of taxpayer's claim. Taxing authorities are government, and taxpayers are constituents of government. Government owes its constituents a duty which transcends the traditional adversarial role of a litigant. Government must treat its constituents fairly, even when in litigation with them.

To conclude, the Court finds that a Notice of Appeal filed pursuant to § 42–177 must be accompanied by a Summons to properly complete service. The failure to serve such a Summons, however, does not deprive the Court of subject matter jurisdiction. Upon a showing of good cause, a plaintiff may be granted an extension to properly complete service. In this case, Taxpayer has been granted such an extension. Accordingly, the Defendants' Motion to Dismiss is denied.